[The State, ex rel.] Linder et al. *v.* Troy Civil Service
Commission et al.*

(No. 599—Decided January 9, 1963.)

*Mr. William H. Thornburgh,* for relator.
*Mr. William M. Dixon,* for respondents.

Crawford, P. J.   Relator, Donald B. Linder, a police officer of the city of Troy, has joined two causes of action, one for prohibition, and one for mandamus.

*Motion to certify the record overruled (38111), June 12, 1963.

The issue centers about the use, or lack of use, by the respondent Troy Civil Service Commission of certified or modified efficiency ratings in computing the final grades on a competitive promotional examination of applicants who are presently members of the city of Troy police department for promotion to chief of police.

Relator seeks to prohibit respondents, as members of the Troy Civil Service Commission from certifying to the mayor the name of Dean B. Matthews, another police officer of the city, who has by agreement been joined as a party herein, as being the one receiving the highest final grade in a competitive promotional examination for chief of police, and from placing on the eligibility list the names and grades of the applicants other than in the order in which they finished, including a certified or modified efficiency rating.

Relator seeks also a writ of mandamus directing the respondents to certify his own name as having received the highest grade on the examination and to place on the eligibility list the names of the applicants and the grades, including the certified or modified efficiency rating; or, in the alternative, a writ of mandamus directing that a completely new examination be held with a new written test after adequately and properly determining and using efficiency ratings.

The procedure to be followed by the city Civil Service Commission is prescribed by Section 143.24, Revised Code, which reads as follows:

"Vacancies in positions in the classified service shall be filled in so far as practicable by promotions. The Director of State Personnel shall provide in his rules for keeping a record of efficiency for each employee in the classified service, and for making promotions in the classified service on the basis of merit, to be ascertained as far as practicable by promotional examinations, by conduct and capacity in office, and by seniority in service, and shall provide that vacancies shall be filled by promotion in all cases where, in the judgment of the director, it is for the best interest of the service. All examinations for promotions shall be competitive. In promotional examinations, efficiency and seniority in service shall form a part of the maximum mark attainable in such examination. In all cases where vacancies are to be filled by promotion, the director shall certify to

the appointing authority only the name of the person having the highest rating. The method of examination for promotions, the manner of giving notice thereof, and the rules governing the same shall be in general the same as those provided for original examinations, except as otherwise provided in Sections 143.01 to 143.48, inclusive, of the Revised Code.''

This section is made applicable to the city Civil Service Commission by Section 143.01 (E), Revised Code.

From the pleadings and agreed stipulation of facts we learn that, prior to the examination, the commission asked for and obtained from the city Service and Safety Director efficiency ratings on the applicants, all of whom are police officers of the city; that the commission had never formally adopted a rule for keeping a record of efficiency for the members in the classified services, including the police department, nor had any written records of efficiency been kept by the commission, the director, or the police department; that the efficiency ratings were calculated upon the basis of a maximum, or spread, of ten points, and that after the examination one-half the points on each member's efficiency rating was added to his grade on the examination and his seniority rating to produce his final grade; that subsequently the commission decided that inasmuch as efficiency ratings had not been kept for several years it would not be proper to use any efficiency rating in calculating the grades; that the efficiency ratings were therefore eliminated from the calculation of the grades and the resulting grades were announced; and that according to such announcement Dean Matthews received the highest grade, whereas when the efficiency ratings had previously been included, Linder had received the highest grade.

The commission and Matthews cite the case of *Underwood* v. *City of Bellefontaine,* 64 Ohio App., 205, as authority for their contention that the grades as announced without the efficiency ratings are the correct ones. In that case, the commission credited each applicant with the same efficiency rating in arriving at the final grade. There was no finding of any abuse of discretion on the part of the commission in so doing. It was held that despite the lack of a rule for the keeping and maintaining of efficiency records, the commission had, nevertheless, substantially complied with the statute, and had included efficiency ratings.

It is argued that there is no difference between giving each applicant the same efficiency rating and omitting the ratings altogether. It is easy to see that the practical results of the two methods would lead to the same result in the *Underwood case*. However, they lead to different results in the present case.

There are at least two reasons why this case is not analogous to the *Underwood case*: First the omission of the efficiency ratings altogether, which occurred here, radically changed the results, causing a different person to receive the highest grade; a second and vital reason is that the exclusion of efficiency ratings here is a violation of the statute.

Hence, the commission would exceed its authority in certifying the applicant with the highest grade arrived at without considering the efficiency ratings, and it will be prohibited from so doing.

But to issue a writ of mandamus at this time ordering the commission to certify the applicant with the highest grade, including the efficiency ratings as tentatively calculated but subsequently disregarded by the commission, would be an attempt to control the present discretion of the commission. This the court may not do.

However, it is the plain duty of the commission to follow the provision of the statute that "In promotional examinations, efficiency and seniority in service shall form a part of the maximum mark attainable in such examination." By what method and according to what formula this is done, and whether under the old or a new examination, are questions which lie within the sound discretion of the commission.

A writ of mandamus will issue simply to compel compliance with the statute.

The commission has filed a cross-petition for declaratory judgment, asking this court to declare the rights and duties of the commission in the premises, particularly in view of the absence of efficiency records and rules for keeping such records. This court has no original jurisdiction in actions for declaratory judgment. The cross-petition will, therefore, be dismissed.

*Judgment accordingly.*

KERNS and SHERER, JJ., concur.

SHERER, J., concurring. Section 10, Article XV of the Ohio Constitution provides that appointments and promotions in the civil service of the state, the several counties, and cities, shall be made according to merit and fitness, to be ascertained, as far as practicable, by competitive examinations and that laws shall be passed providing for the enforcement of this provision.

The General Assembly has enacted certain laws for the enforcement of this constitutional provision. It has provided in Section 143.30, Revised Code, that a municipal civil service commission shall exercise all powers and duties with respect to the civil service of such city as prescribed by Sections 143.01 to 143.48, inclusive, of the Revised Code, for appointments and promotions therein as prescribed by such sections and conferred upon the Director of State Personnel with respect to the civil service of the state, except as otherwise provided in such sections.

Section 143.24, Revised Code, as applicable to cities, provides:

"Vacancies in positions in the classified service shall be filled in so far as practicable by promotions. The Director of State Personnel [commission] *shall provide in its rules for keeping a record of efficiency* for each employee in the classified service, and *for making promotions* in the classified service on the basis of *merit, to be ascertained, as far as practicable, by promotional examinations, by conduct and capacity in office, and by seniority in service,* and shall provide that vacancies shall be filled by promotion in all cases where, in the judgment of the director [commission], it is for the best interest of the service. *All examinations for promotions shall be competitive. In promotional examinations, efficiency and seniority in service shall form a part of the maximum mark attainable in such examination* * * * The *method of examination for promotions* * * * shall be in general the *same as those provided for original examinations, except as otherwise provided* in Sections 143.01 to 143.48, inclusive, of the Revised Code." (Emphasis added.)

Section 143.16, Revised Code, provides in part that:

"*Applicants taking promotion examinations, which shall be in writing, shall receive credit for seniority,* which shall be determined as follows: one per cent of the total grade attainable in such examination for each of the first four years of

service, and six-tenths per cent of such total grade for each of the next ten years of service. * * *'' (Emphasis added.)

These sections, relating to promotions within a municipal police department, have been construed by the Supreme Court in *State, ex rel. Ethell,* v. *Hendricks,* 165 Ohio St., 217. This case, in the second and fourth paragraphs of the syllabus, holds that:

''2. No position above the rank of patrolman or regular fireman in a police or fire department of a city where the statutes relative to civil service are applicable shall be filled by any person unless he has first passed a competitive promotional examination which shall include in the total grade attainable:

''(a) The grade on an examination composed of questions and answers, which shall be entirely in writing;

''(b) The grade based on credit for seniority in service according to the formula set out in Section 143.16, Revised Code;

''(c) The grade based on credit for efficiency or conduct and capacity in office.''

''4. The certification of an applicant as chief of police of a city is unlawful, where it is based on the result of a promotional examination which, as to questions to and answers by the candidate, was written and oral, contrary to law, and the person unlawfully certified is not entitled to retain such position.''

Thus, it is mandatory that the commission include in the final grades here a grade for efficiency or conduct and capacity in office. The Constitution provides that appointments and promotions shall be made according to merit and fitness, to be ascertained, ''as far as practicable,'' by competitive examinations. Section 143.24, Revised Code, provides also that the commission shall provide rules for making promotions on the basis of merit, to be ascertained, ''as far as practicable,'' by promotional examinations, by conduct and capacity in office, and by seniority in service. The Supreme Court, in the *Ethell case,* says, at pages 221 and 222, that:

''In stating that 'in promotional examinations, efficiency and seniority in service shall form a part of the maximum mark attainable in such examination,' the statute clearly contemplates that the 'merit' which shall constitute the basis for a promotion shall be ascertained 'as far as practicable' from the

combined effect of (1) promotional examinations, (2) efficiency, *i.e.*, conduct and capacity in office, and (3) seniority in service.''

Section 143.24, Revised Code, provides that the method of examination for promotions shall be in general the same as those provided for original examinations, except as otherwise provided in Sections 143.01 to 143.48, inclusive, of the Revised Code. Examinations for original appointments may be written or oral, but promotional examinations must be wholly in writing. Section 143.16, Revised Code. As applicable to civil service in cities, Section 143.18, Revised Code, provides in part that:

''The Director of State Personnel [commission] shall require persons applying for admission to any examination, provided for by Sections 143.01 to 143.48, inclusive, of the Revised Code, or by the rules of the director [commission] prescribed under such sections, to file with the director [commission] within a reasonable time prior to the proposed examination a formal application in which the applicant shall state under oath or affirmation:

''(A) Full name, residence, and post-office address;

''(B) Age and place and date of birth;

''(C) Health and physical capacity for the public service sought;

''(D) Business, employments, and residences for five previous years;

''(E) Such other information as may be reasonably required, touching the applicant's merit and fitness for the public service sought * * *.''

This section provides further that:

''The director [commission] may require in connection with such application such certificate of persons having knowledge of the applicant as the good of the service requires. The director [commission] may refuse to examine an applicant, or, after an examination, refuse to certify the applicant as eligible, who is found to lack any of the established preliminary requirements for the examination, who is physically so disabled as to be rendered unfit for the performance of the duties of the position which he seeks, who is addicted to the habitual use of intoxicating liquors or drugs to excess, who has been convicted

of a felony, who has been guilty of infamous or notoriously disgraceful conduct * * *.''

In its opinion in the *Ethell case, supra,* the Supreme Court, at page 223, said:

''It is, then, apparent that the statutes above referred to contemplate the following, with respect to promotions in the classified service:

''I. Records shall be kept by each civil service commission regarding the efficiency, *i.e.,* conduct and capacity in office of each employee.

''II. Promotions shall be made on the basis of 'merit.'

''III. The 'merit' upon which a promotion shall be based shall be determined as far as practicable from promotional examinations which shall include in the maximum mark attainable therein:

''1. The grade on an examination composed of questions and answers, which shall be *entirely in writing.*

''2. Credit for seniority in service according to the predetermined formula set out in Section 143.16, Revised Code.

''3. Credit for efficiency, *i.e.,* conduct and capacity in office.

''As there are many varying methods of setting up examinations and weighting the questions asked, the examination in question must be viewed from the standpoint of the civil service commission which gave it, and it is apparent that it was considered as a single examination having multiple parts, written, oral and predetermined credit for seniority. Viewed in such a manner, it follows necessarily that if one part of such an examination is unlawful then the whole examination must fail, and it is not possible to consider merely the written portion thereof and decide from that who is entitled to the promotion for which the examination was given.''

This case was submitted to us upon an agreed statement of facts. It is agreed that the commission did not provide by rule for the keeping of records of efficiency for employees in the classified service and that no written records of efficiency have been kept by anyone; that the minutes of the meeting of the commission on April 2, 1962, state that in connection with the forthcoming examination for the position of chief of police that it was decided to ask the service and safety director for ef-

ficiency ratings; that after that meeting had been concluded the secretary of the commission orally requested the director of service and safety for efficiency for each applicant, stating that the ratings were to be used in the grading of the examination; that the ratings requested were to be based either on "a high of ten points" or on a basis of a "10 point spread"; that thereafter the service and safety director, who at that time had been the immediate superior of the Chief of Police of Troy for 13 years, discussed the efficiency of the applicants with the former chief of police who had retired on March 1, 1962, after serving 27 continuous years in the Troy police department, the last 14 years as chief; and that on April 3, 1962, the service and safety director notified the commission that he determined the efficiency rating of Linder to be "10" and Matthews to be "6."

On April 11, 1962, the commission conducted the written examination and graded the papers. The commission recorded the grades of the applicants on the cover of the examination papers as follows: Linder, 71.5 on the written examination, 10 for seniority and 5 for efficiency, making a composite grade of 86.5. Matthews, 74 on the written examination, 9.4 for seniority and 3 for efficiency, making a composite grade of 86.4. Due to the lateness of the hour when the examination was completed, the commission adjourned without further action. On April 16, 1962, the commission met and decided that it would not be proper to use efficiency ratings in computing final grades and by adding the grades on the written examination to the grades for seniority, the board established the final grade of Matthews to be 83.4 and Linder to be 81.5. These final grades were certified to the applicants on April 18, 1962.

The action of the commission in disregarding a grade for efficiency was unlawful and the commission must be prohibited from certifying the name of Matthews to the mayor of Troy for appointment as police chief. Relator, Linder, in addition to a writ of prohibition, is seeking a writ of mandamus directing the commission to certify his name to the mayor for the appointment. It is argued that the commission impliedly adopted the efficiency ratings furnished by the service and safety director by recording them on the examination papers. Such is not the case because the commission rejected the ratings before

arriving at the final grade. In coming to a conclusion as to the grade of each applicant for efficiency or conduct and capacity in office the commission is exercising its discretion. The record does not clearly show that the commission intended to accept the opinion of either the former chief of police or the director of service and safety in regard to the applicants' efficiency or conduct and capacity in office and adopt such ratings as its own. It must be noted that the record does not show any factual data furnished in support of this opinion which would enable the commission to come to an intelligent conclusion. The opinion of the service and safety director could have been based on facts which would not be deemed persuasive by the commission. Nor can it be said that the commission's decision of April 2, to ask the service and safety director for efficiency ratings, constitutes the adoption of a rule for making promotions on the basis of merit. A writ of mandamus is not properly allowable here.