BERNDSEN, APPELLANT, *v.* WESTERVILLE PERSONNEL REVIEW BOARD ET AL., APPELLEES.

PHELPS, APPELLANT, *v.* WESTERVILLE PERSONNEL REVIEW BOARD ET AL., APPELLEES.

MASTRANDREOU, APPELLANT, *v.* WESTERVILLE PERSONNEL REVIEW BOARD ET AL., APPELLEES.

(Nos. 83AP-1086, -1087 and -1088— Decided April 19, 1984.)

*Mr. John F. Lenehan* and *Mr. Robert G. Byrom,* for appellants.

*Means, Bichimer, Burkholder & Baker Co., L.P.A.,* and *Mr. John C. Burkholder,* for appellees.

McCORMAC, P.J. Appellants, Margaret Berndsen, Norma E. Phelps, and Tom Mastrandreou, were bus drivers employed by the Westerville Board of Education. Their positions were abolished by the board on August 9, 1982, as a result of which they were laid off. Notification of the board's action was sent to the Westerville Personnel Review Board, appellee, on August 10, 1982.

Appellants appealed their layoffs to the Westerville Personnel Review Board, which affirmed the layoffs, holding that the board of education complied with R.C. 124.321 by timely sending a statement of their rationale and supporting documentation to the personnel review board.

Appellants appealed the decision of the Westerville Personnel Review Board to the Franklin County Court of Common Pleas which affirmed the decisions as being supported by reliable, probative and substantial evidence and being in accordance with law.

Appellants' consolidated appeals set forth the following assignments of error:

"1. The Court of Common Pleas erred in finding that Appellee Board of Education did clearly comply with the provisions of Ohio Revised Code, section 124.321, and that the reasoning set forth in item 7(B) of the record satisfied the requirement of documentation.

"2. The Court of Common Pleas erred in affirming the decision of the Westerville Personnel Review Board as being supported by reliable, probative and substantial evidence and in accordance with law."

The assignments of error are combined for discussion as the sole issue which appellants have presented for review is that the court of common pleas erred in finding that the board of education complied with R.C. 124.321. Appellants assert that the board of education did not file supporting documentation with the Westerville Personnel Review Board.

R.C. 124.321(D), as pertinent, provides as follows:

"Employees may be laid off as a result of abolishment of positions. Abolishment means the permanent deletion of a position or positions from the organization or structure of an appointing authority due to lack of continued need for the position. An appointing authority may abolish positions as a result of a reorganization for the efficient operation of the appointing authority, for reasons of economy, or for lack of work. The determination of the need to abolish positions shall indicate the lack of continued need for positions within an appointing authority. Appointing authorities shall themselves determine whether any position should be abolished and shall file a statement of rationale and supporting documentation with the director of administrative services prior to sending the notice of abolishment. * * *"

In the instance of the Westerville Board of Education, the Westerville Personnel Review Board takes the place of the director of administrative services, and the statement of rationale and supporting documentation required by R.C. 124.321(D) must be provided to that body.

On August 10, 1982, the board of education, by letter, informed the Westerville Personnel Review Board that appellants' positions had been abolished. A copy of Item 7b of the board agenda was attached to the letter. Item 7b, dated August 9, 1982, as pertinent, provided as follows:

"*JOB ABOLISHMENT*

"(OAPSE BUS DRIVER CHAPTER 719 NEGOTIATED CONTRACT — ARTICLE 33 EFFECTIVE 1/1/82)

"POSITION: BUS DRIVERS — (13 Positions)

"LOCATION: Transportation

"RATIONALE: Lack of work as evidenced by:

"a) Elimination of all transportation for high school students

"b) Elimination of transportation for elementary students living within two (2) miles of the school of attendance.

"EFFECTIVE: August 10, 1982"

The Westerville Personnel Review Board found that Item 7b set forth the rationale for the abolishment of the bus driving positions and also provided the supporting documentation for the board's action.

The court of common pleas did not err in affirming the decision of the Westerville Personnel Review Board. There is no reason why the statement of rationale for abolishment of the positions and the supporting documentation cannot be provided in the same document.

Within the meaning of R.C. 124.321 (D), the statement of rationale means the underlying reason, and the supporting documentation means a statement of the facts or evidence substantiating the underlying reason.

Thus, the statement of rationale required by R.C. 124.321 refers to one of the three reasons specified in R.C. 124.321 for abolishment of positions which are: (1) reorganization for the efficient operation of the appointing authority; (2) reasons of economy; or (3) lack of work. A conclusive statement of one of those reasons provides the rationale. The rationale provided in the letter to the personnel review board was lack of work. The appointing authority is required further to document why there is a lack of work, but not in any particular form. Item 7b of the board's agenda sets forth that documentation which is the elimination of all transportation for high school students and the elimination of transportation for elementary students living within two miles of the school of attendance. In other words, those explanations "docu-

ment" or factually support the general rationale of "lack of work" given for abolishment of the positions.

Documentation should not be construed in a highly technical sense, but, rather, in the sense that it is necessary for the appointing authority to state in writing the factual basis for the statutory reason for abolishment of the positions. It should be kept in mind that the appointing authority, rather than the personnel review board, retains the power under the law and R.C. 124.321 to abolish jobs without the approval of the personnel review board.

Appellants' assignments of error are overruled, and the judgments of the trial court are affirmed.

*Judgments affirmed.*

NORRIS and LYNCH, JJ., concur.

LYNCH, J., retired, of the Seventh Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.