[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Appellants Dion Alexander, Jay E. Ayres, Amy L. Barket, William D. Bixler, Larry L. Davis, Robert L. Dekle, Jerry Heimkreiter, James Williams, Douglass W. Young, and James R. Zureick ("the employees") are carpenters and painters who were originally hired by appellee Cincinnati Public Schools Board of Education ("the Board") as casual or temporary summer workers, but whose status was later changed to classified permanent workers. Soon after the reclassification, the Board notified appellee the Cincinnati Civil Service Commission ("the Commission") that it needed to lay off the employees due to lack of funds. Several of the employees complained about the appropriateness of the requested layoffs to the Commission, because they disbelieved the Board's rationale of lack of funds. They sought additional supporting documentation from the Board. The Board supplied the additional documentation, which, the employees claimed, failed to support the Board's rationale. The Commission denied the employees' request to be reinstated to their positions. On appeal, a magistrate determined that the Commission had properly considered all the evidence and affirmed the Commission's decision. The trial court overruled the employees' objections to the magistrate's decision.
In their sole assignment of error, the employees contend that the trial court erred to their prejudice by sustaining the magistrate's decision over their objections. The gist of the employees' argument is that the Board failed to substantially comply with the procedural requirements of the Cincinnati Civil Service Rules and R.C. 124.321 by failing to file a statement of rationale and documentation of that rationale before sending the layoff notices. They also contest the supporting documentation and argue that the Commission failed to review the documentation before making its decision.
The record demonstrates that on November 2, 1998, the Board sent a letter to the Commission stating that it needed to lay off the employees due to lack of funds. In that letter, the Board explained the lack-of-funds rationale as follows:
 The number of staff originally budgeted was much lower than the staff that actually existed. The remainder was to be supported in two ways.
 1. Out of money the schools would invest in building projects in the schools. The schools did not buy enough services to support any staff members.
 2. Some crafts were budgeted out of the Permanent Improvement Fund. Craft persons can be paid out of that fund only when they are working on particular projects. They cannot be budgeted there as regular full time employees.
 The original budget for craft persons has been revised to accommodate as many craft persons as possible, however this number was still below the number of craft persons on the payroll.
 Nine carpenters and two painters were made regulars early this year. These employees were originally temporary help hired for summer work but were retained long after the summer work was completed.
 These people's salaries have caused the Board of Education to exceed the personnel budget by over $250,000 (through the middle of October) this fiscal year.
 The administrator responsible for the situation has resigned from the Board.
 The Board of Education cannot continue to employ these 11 people and must lay them off as soon as possible.
The Board sent layoff letters to the employees on November 5, 1998, stating that the date of each layoff would be November 24, 1998. The employees appealed the layoffs to the Commission. At a hearing on November 19, 1998, the Board brought documentation, but the documentation was not "filed." (There is no dispute that the employees and Board representatives were present.) On November 23, 1998, the Board approved the layoffs and sent the employees letters on November 25, 1998, reaffirming the layoff date of November 24, 1998. The employees once again appealed, where their concerns were addressed in a December 3, 1998, meeting.
Around December 11, 1998, the Board filed supporting documentation that was forwarded to the employees' attorney. The attorney argued below that the documentation was incomplete, as evidenced by a letter from a certified public accountant. The Commission sought an opinion from the city solicitor as to whether the Board had substantially complied with R.C. 124.321. Upon receipt of that opinion in January of 1999, the Commission denied the employees' request for reinstatement.
We believe that the rationale and supporting documentation for that rationale was in the November 2, 1998, letter to the Commission. "Lack of funds" provided the rationale. The remainder of the letter provided the documentation or "a statement of the facts or evidence substantiating the underlying reasons."[1] "[T]hose explanations `document[ed]' or factually support[ed] the general rationale" of lack of funds.[2]
Thus, the explanation in the Board's letter as to why the layoffs were necessary was itself sufficient documentation.
Because the letter was sufficient, it is irrelevant whether the Commission considered the supplemental evidence of the school budget. Further, there is no evidence that any alleged disorderliness in the proceedings as a result of providing the additional documentation was prejudicial.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Painter and Shannon, J.J.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
[1] See Berndsen v. Westerville Personnel Review Bd. (1984),14 Ohio App.3d 329, 331, 471 N.E.2d 527, 529.
[2] See id.