THE STATE, EX REL. HERDER, *v.* SHOCK ET AL.

[Cite as State, ex rel. Herder, v. Shock (1977),
55 Ohio App. 2d 116.]

(No. 4-77-6—Decided September 16, 1977.)

*Mr. Robert J. Affeldy,* for relator.
*Messrs. Squire, Sanders & Dempsey, Mr. John R. Gall*
and *Mr. Stephen F. Korhn,* for respondents.

GUERNSEY, J. This is an original action in quo warranto and mandamus filed in this court by the relator, Norman Herder, against the respondent, Robert E. Shock, Jr., chief of police, and the respondent mayor, safety director, civil service commission and members of that commission in their official capacity, all of the city of Defiance, seeking to oust Shock from his probationary position as chief of police and to establish the relator in that position. Although the complaint filed also sounds in prohibition, declaratory judgment and for punitive damages, the relator has, with leave of this Court, withdrawn his prayers for relief in prohibition and declaratory judgment, and we also dismiss *sua sponte* any purported action for punitive damages for want of original jurisdiction in this Court to grant same.

The complaint came on to be heard on the respective

motion of the relator and cross-motion of respondents for summary judgment, there having been filed and submitted in support of both motions the depositions of the relator and each of the respondents except the commission. There was also submitted in support of the relator's motion the affidavit of one Don F. Breckler. The motion of the relator was filed before and the cross-motion of respondents was filed concurrently with respondents' answer.

It appearing from the complaint that the relator had previously filed action in the Court of Common Pleas of Defiance County sounding in prohibition and in mandamus the issue of this court's jurisdiction was raised *sua sponte*. See *State, ex rel. Phillips*, v. *Polcar* (1977), 50 Ohio St. 2d 279, and authorities therein cited. We have concluded that although many of the same issues pertinent to the action in this court were attempted to be raised on the same facts in the Common Pleas Court, that court had no jurisdiction whatever in prohibition and could not in mandamus oust the respondent as chief of police and establish the relator in that position. Since that is the ultimate relief sought in this Court the jurisdiction of the Common Pleas Court first invoked was not a concurrent jurisdiction operating to exclude this Court from adjudication of the whole issue to settle the rights of the parties.

It appears undisputed from the record that on April 1, 1977, a vacancy occurred in the position of chief of police for the city of Defiance. On May 2, 1977, the civil service commission conducted a written competitive promotional examination to fill the vacancy and the relator and four of the other persons eligible to fill the vacancy took the written examination. On May 9, 1977, the civil service commission certified to the appointing authority, the mayor of Defiance, that the respondent Shock, had received the highest rating on the examination and Shock was shortly thereafter appointed to the position of chief of police in which he is now serving in a probationary capacity.

The seniority credits prescribed by the Revised Code

were equal for both Herder and Shock and Herder scored one point less on the written examination than did Shock. Herder never voiced any objection to the commission concerning the form or substance of the examination until after the result was announced. He asserts the disqualification of Shock on the allegation, which is admitted by the respondents, that efficiency was not considered in determining who should be certified as eligible for the promotion. This is the gut issue, *i. e.*, whether it is mandatory in determining the merit of an otherwise eligible candidate for promotion to fill a vacancy in the office of chief of police of a non-charter city to include in the total grade attainable in civil service promotional examinations a grade based on credit for efficiency.

The relator cites *State, ex rel. Ethell,* v. *Hendricks* (1956), 165 Ohio St. 217, as being controlling on this issue. The following appears in the second paragraph of the syllabus:

"No position above the rank of patrolman or regular firemen in a police or fire department of a city where the statutes relative to civil service are applicable shall be filled by any person unless he has first passed a competitive promotional examination which shall include in the grade attainable:

"(a) The grade on an examination composed of questions and answers, which shall be entirely in writing;

"(b) The grade based on a credit for seniority in service according to the formula set out in Section 143.16, Revised Code;

"(c) The grade based on credit for efficiency or conduct and capacity in office."

Respondents assert that at least subdivision (c) of this paragraph of the syllabus is *obiter dictum* in that the case involved only the issue of whether a part of the examination composed of questions and answers could be oral. Respondents assert, instead, that the requirement of R. C 124.31 that in competitive "promotional examinations, efficiency and seniority in service shall form a part of the maximum mark attainable in such examination," are requirements for civil service promotion generally, which

yield to R. C. 124.44 relating specifically to promotions to positions above the rank of patrolman in the police department and which the respondents further assert merely requires the holding of a "competitive promotional examination" and the certification to the appointing officer of "the name of the person receiving the highest rating" without reference to efficiency.

We do not conclude, as did the respondents, that subdivision (c) of the second paragraph of the syllabus in the *Ethell* case is merely, or wholly, *obiter dictum*. It is true that the ouster of the respondent from the office of chief of police was based on the giving of an oral examination composed of questions and answers. It is also true, however, that the court refused to order Ethell installed in that position "for the reason that he receved a higher grade in part of an examination which we have found to be unlawful *in toto*," it being "apparent that a new examination must be given in order that the position here in question may be lawfully filled." In accord with the Supreme Court's reasoning on page 223 of its opinion the examination would be equally unlawful *in toto* for the failure to include a grade based on credit for efficiency as it would be for the inclusion of a grade based on an oral examination composed of questions and answers.

Relator also relies on the cases of *State, ex rel. Mikus,* v. *Hirbe* (1966), 7 Ohio St. 2d 104 and *State, ex rel. Linder,* v. *Troy Civil Service Comm.* (1963), 118 Ohio App. 345. The respondents claim that any apparent holding in the former case that efficiency must be considered is *obiter dictum* because not necessary to the decision and that the decision, in effect, merely gives lip service to the *Ethell* case without reference to the application of R. C. 124.44. Although the *Linder* case is, in most parts, in point, the respondents claim again that no consideration was given to the application of R. C. 124.44.

We find the answer in the history of this legislation. Prior to 1937, G. C. 486-15, the predecessor to R. C. 124.31, prescribed in pertinent parts (106 Ohio Laws 410):

"Sec. 486-15. Promotions. Vacancies in positions in the classified service shall be filled in so far as practicable by

promotions. The commission shall provide in its rules for keeping a record of efficiency for each employee in the classified service, and for making promotions in the classified service on the basis of merit, to be ascertained as far as practicable by promotional examinations, by conduct and capacity in office, and by seniority in service * * * . All examinations for promotions shall be competitive. In promotional examinations efficiency and seniority in service shall form a part of the maximum mark attainable in such examination. In all cases where vacancies are to be filled by promotion the commission shall certify to the appointing authority only the name of the person having the highest rating."

On April 7, 1937, the General Assembly first adopted G. C. 486-15a, the predecessor to R. C. 124.44, by Amended Senate Bill No.  85 (117 Ohio Laws 241), the title and preamble and pertinent portions thereof being as follows:
"AN ACT

"To supplement section 486-14 of the General Code by the enactment of supplemental section 486-15a, relative to promotions in positions above the rank of patrolman or regular fireman in the police or fire departments.

"*Be it enacted by the General Assembly of the State of Ohio*:

"Section I. That section 486-15 of the General Code be supplemented by the enactment of supplemental section 486-15a, to read as follows:

"Promotions in positions above the rank of patrolman or fireman; examination.

"Sec. 486-15a. No position above the grade or rank of patrolman or regular fireman in the police or fire department shall be filled by original appointment. * * * No position above the grade or rank of patrolman or regular fireman in a police or fire department shall be filled by any person unless he shall have first passed a competitive promotional examination. * * * Whenever a vacancy occurs in a position above the grade or rank of patrolman or fireman in a police or fire department, and there be no eligible list for such grade or rank, the municipal civil service commission shall, within sixty days of such va-

cancy, hold a competitive promotional examination."

On April 11, 1939, the General Assembly added the following language to Section 486-15a:

" * * * After such examination has been held and an eligible list established the civil service commission shall forthwith certify to the appointing officer the name of the person receiving the highest rating. Upon such certification the appointing officer shall appoint the person so certified, within thirty days from the date of such certification. * * * ."

The only subsequent amendment of significance was that which occurred, effective October 5, 1955, when all provisions of R. C. 143.34, the successor to G. C. 486-15a and predecessor to R. C. 124.44, with respect to firemen were deleted leaving the section applicable only to the promotions of policemen.

Thus the numerical separation of R. C. 124.31 from 124.44 is essentially a matter occurring by reason of recodification and historically and legislatively the latter is supplemental to the former. Within constitutional limitations proscribing the amendment of an act by mere reference to its title a "supplementary or supplemental act, or a supplement * * * * is an act not purporting to amend but which makes an addition to a prior statute without impairing any existing provision thereof. 'It is that which supplies a deficiency, adds to, or completes, or extends that which is already in existence without changing or modifying the original.' " 1A Sutherland Statutory Construction 162, Section 22.24 (4th ed. 1972). Similarly, "[g]eneral and special acts may be in pari materia. If so, they should be construed together. Where one statute deals with a subject in general terms, and another deals with a part of the same subject in a more detailed way, the two should be harmonized if possible; but if there is any conflict, the latter will prevail, regardless of whether it was passed prior to the general statute, unless it appears that the legislature intended to make the general act controlling." 2A Sutherland Statutory Construction 315, Section 51.05 (4th ed. 1973).

Obviously R. C. 124.31, in its present as well as it-

historical form, deals with vacancies in the classified service generally to be filled insofar as practicable by promotions accomplished by promotional examinations in which "efficiency and seniority in service shall form a part of the maximum mark attainable in such examination," and the highest rating shall be certified. On the other hand, R. C. 124.44, in its present as well as its historical form, deals with vacancies above the rank of patrolman in the police department which may be filled only by promotion to likewise be accomplished by competitive promotional examinations and the certification of the highest rating. There is nothing in R. C. 124.44 which prohibits or qualifies the inclusion in such rating of a grade based on credit for efficiency (as there is in R. C. 124.45 relating to firemen) and R. C. 124.44 is not inconsistent with the provisions of 124.31 in such respect.

We conclude that the provision of the general act, R. C. 124.31, that efficiency in service shall form a part of the maximum mark attainable is mandatory with relation to the promotion to chief of police in a non-charter municipality.

Accordingly, the certification of the respondent Shock was unlawful and he is not entitled to the position of chief of police of Defiance. Since the very facts which cause us to order the ouster of respondent Shock preclude us from ordering relator certified and appointed (as well as the rights of the other four examinees) we limit our judgment in quo warranto to ouster of the respondent Shock and in mandamus to an order that the respondents other than Shock proceed as appropriate to conduct another competitive promotional examination for the office of the chief of police of Defiance, to certify the highest rating, and to make appointment of the person receiving same, all in in accordance with law, as hereinbefore determined. We rule on the motions for summary judgment accordingly.

*Peremptory writs granted accordingly.*

MILLER, P. J., and COLE, J., concur.