YATES ET AL., APPELLANTS, *v.*
WALLINGFORD, ENGINEER, APPELLEE.

(No. 82AP-310—Decided
August 24, 1982.)

Mr. *John J. Gideon,* for appellants.

Mr. *Elmer Spencer,* prosecuting attorney, for appellee.

WHITESIDE, P.J. This is an appeal from a judgment of the Franklin County Court of Common Pleas affirming a decision of the State Personnel Board of Review upholding the action of appellee Gerald H. Wallingford, Engineer of Adams County, in laying off sixteen classified civil service employees, who are the appellants herein.

In support of their appeal, appellants raise a single assignment of error, as follows:

"The Court below erred in affirming the State Personnel Board of Review's order affirming the layoff of Appellants, where Appellee, the appointing authority, did not substantially comply with the requirements of the Director of Administrative Services to obtain certification of lack of funds and verification of retention points prior to the layoff."

Appellants contend that their layoffs should be set aside because the appellee engineer, the appointing authority, failed to comply with Ohio Adm. Code 123:1-41-01(A), requiring a certification from the Director of Administrative Services as to lack of funds prior to any layoff for that reason and failed to comply with Ohio Adm. Code 123:1-41-08(A), which requires a computation by the appointing authority, with verification and approval by the Director of Administrative Services, of total retention points for each employee in a classification series prior to any layoff.

Admittedly, appellee failed timely to comply with the rules in question. However, appellee did obtain a certification of lack of funds a few days after the effective date of the layoffs. Proper notice was given to each of the appellants, and they were able to, and did, appeal the layoff action.

In *State, ex rel. Potten,* v. *Kuth* (1980), 61 Ohio St. 2d 321 [15 O.O.3d 391], paragraph three of the syllabus, the Supreme Court held that substantial compliance with procedural requirements promulgated by the Director of Administrative Services is a prerequisite to the effectiveness of the layoff of an employee in the classified service. After hearing evidence, the hearing examiner appointed by the State Personnel Board of Review concluded that there was substantial compliance with the procedural requirements and, accordingly, recommended to the board that the action of the county engineer in making the layoffs be upheld.

The board, after reviewing the report and recommendations, adopted the recommendation of the hearing examiner.

The findings of the hearing examiner adopted by the board included a factual determination that appellee was in fact confronted with a lack of funds, that appellee requested certification thereof two days after the effective date of the layoff and that a qualified certification was made by the Department of Administrative Services twenty-five days after the effective date of the layoff. With respect to retention points, however, the hearing officer's finding adopted by the board was to the effect that appellee made no effort to have retention points verified by the Director of Administrative Services. However, predicated upon the evidence admitted, including stipulation of appellants, the finding of the hearing officer adopted by the board was that the retention points were properly calculated, even though not verified. In fact, appellants stipulated that, with the exception of one appellant, the retention points were properly calculated. Predicated upon the evidence, the hearing officer's finding adopted by the board was that the retention points of the remaining appellant also were properly calculated. In other words, with respect to both of the regulations with which appellee failed strictly to comply, the result would have been the same had there been strict compliance. Appellee has proved that no prejudice has resulted to appellants because of his failure to comply with the rules in question.

Appellants rely upon the decision of this court in *Cliff* v. *Oney* (Dec. 21, 1978), Franklin App. No. 78AP-342, unreported, noting that we stated in that decision that an employee demonstrating upon appeal that his layoff is contrary to law has no burden to demonstrate prejudice resulting from such noncompliance other than that necessarily resulting from loss of his position. However, that statement of this court in *Cliff* related to which party must bear the burden of proof with respect to prejudice. The next paragraph after that relied upon by appellants states at page 3593, as follows:

"* * * where the appointing authority demonstrates that there has been substantial compliance with the statutory and rule requirements and that the noncompliance constitutes harmless error, the State Personnel Board of Review may appropriately consider the demonstrated substantial compliance and harmless error in determining whether to affirm the action of the appointing authority."

We summarized our basic conclusion as follows:

"The burden is upon the appointing authority to demonstrate substantial compliance and the existence of harmless error, and there is no burden upon the employee with respect to his layoff not in accordance with law to prove that the noncompliance with law does not constitute harmless error. * * *"

Here, the State Personnel Board of Review found that the noncompliance by the appointing authority, appellee county engineer, constituted harmless error because the result was the same that would have occurred had there been full compliance. The delay in obtaining certification with respect to lack of funds is substantial compliance, the delay being short, and there, in fact, being insufficient funds. While the retention points never were verified, they were properly calculated. The purpose of verification is to assure proper calculation. When this has occurred, the underlying purpose for the rule has been accomplished. We find no error on the part of the State Personnel Board of Review in determining under the circumstances of this case and upon the evidence adduced that there was substantial compliance with the statutory and rule requirements and that the limited noncompliance constitutes harmless error. The assignment of error is not well-taken.

For the foregoing reasons, the assign-

ment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

REILLY and McCORMAC, JJ., concur.