**McALPIN, Appellant,**

v.

**SHIREY et al., Appellees.**

[Cite as *McAlpin v. Shirey* (1997), 121 Ohio App.3d 68.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–960629.

Decided June 25, 1997.

70

*Hardin & Hill* and *Donald E. Hardin*, for appellant.

*Fay D. Dupuis*, City Solicitor, and *Roshani De Soyza Hardin*, Assistant City Solicitor, for appellees.

*Per Curiam.*

On April 13, 1995, appellant, Walter F. McAlpin, Jr., filed a notice of appeal with appellee, the Civil Service Commission of the city of Cincinnati, regarding his demotion to police captain following the abolishment of an assistant police chief position in the Cincinnati Police Division. After a hearing, the commission denied the appeal. Appellant filed an appeal with the Hamilton County Court of Common Pleas, which denied his motion to present additional evidence and affirmed the commission's decision. Appellant then filed a timely appeal with this court. We affirm the decision of the common pleas court.

The evidence at the hearing before the commission showed that prior to March 1995, the police division had five fully funded positions at the rank of assistant police chief. However, in January 1995, one assistant police chief announced his retirement. Since a vacancy existed in that position, the commission was required to hold a competitive promotional exam within sixty days of the vacancy pursuant to R.C. 124.44.

In response to the assistant police chief's retirement, the city's safety director discussed reorganizing the police division with the city manager, appellee John Shirey. The reorganization plan called for reducing the number of bureaus from five to four and correspondingly eliminating an assistant police chief position. The safety director notified the acting police chief that the vacated assistant police chief position was to be abolished so that the candidates for the position would have notice of the abolishment before the test was taken. On February 24, 1995, the candidates were advised that the vacant position was being eliminated. The test was administered on February 28, 1995, as scheduled, and appellant ranked number one on the promotion eligible list that resulted from the examination.

On April 3, 1995, the safety director sent the commission a statement of rationale for the abolishment of the position. Because of the abolishment, appellant was promoted to assistant police chief for one day and then demoted the following day, pursuant to the procedure set forth in R.C. 124.37.

Appellant presents two assignments of error for review. In his first assignment of error, he states that the common pleas court erred in affirming the decision of the commission and in misinterpreting the provisions of R.C. 124.321 and 124.37. He argues that the assistant police chief position was wrongfully abolished when the appointing authority failed to show that the abolishment was necessary and failed to file a statement of rationale prior to sending notice of the abolishment. He also argues that the common pleas court erred in refusing to allow him leave to present additional evidence. In his second assignment of error, appellant states that the common pleas court erred in affirming the decision of the commission because the city did not prove by a preponderance of the evidence any increase in efficiency resulting from the abolishment of the position. Since these assignments of error are closely related, we consider them together. We find that they are not well taken.

█ We begin by discussing our standard of review. A decision of a municipal civil service commission is appealable pursuant to R.C. 2506.01 *et seq. Nuspl v. Akron* (1991), 61 Ohio St.3d 511, 513–515, 575 N.E.2d 447, 448–449. See, also, *Resek v. Seven Hills* (1983), 9 Ohio App.3d 224, 225–226, 9 OBR 395, 396–399, 459 N.E.2d 566, 568–569. A reviewing court must give due deference to the agency's resolution of evidentiary conflicts and should uphold the agency's decision if it is supported by a preponderance of substantial, reliable, and probative evidence. R.C. 2506.04; *Community Concerned Citizens, Inc. v. Union Twp. Bd. of Zoning Appeals* (1993), 66 Ohio St.3d 452, 456, 613 N.E.2d 580, 584; *Budd Co. v. Mercer* (1984), 14 Ohio App.3d 269, 273–274, 14 OBR 298, 302–304, 471 N.E.2d 151, 156. On issues of law, the reviewing court conducts a *de novo* review and will reverse

the agency's decision if it is contrary to law. *Cincinnati Bengals, Inc. v. Papania* (1993), 92 Ohio App.3d 785, 787, 637 N.E.2d 330, 331.

First, appellant argues that R.C. 124.321 and 124.37 should be construed together. R.C. 124.321 deals with reductions in work force, including abolishment of positions, and applies to civil service positions generally. R.C. 124.37 deals with removals, reappointments and demotions due to reductions in force in police and fire departments. Both the commission and the common pleas court held that only R.C. 124.37 applied in this case.

A fundamental rule of statutory construction states that statutes relating to the same subject matter should be construed together, if possible, and harmonized to carry out the legislative intent. *State ex rel. Thurn v. Cuyahoga Cty. Bd. of Elections* (1995), 72 Ohio St.3d 289, 294, 649 N.E.2d 1205, 1209; *Jones v. Multi–Color Corp.* (1995), 108 Ohio App.3d 388, 396, 670 N.E.2d 1051, 1056–1057. Further, general and specific provisions should be construed, if possible, to give effect to both, unless an irreconcilable conflict exists. R.C. 1.51; *State ex rel. Herder v. Shock* (1977), 55 Ohio App.2d 116, 121, 9 O.O.3d 268, 271–272, 379 N.E.2d 608, 612.

After careful review, we conclude that R.C. 124.321 and 124.37 are not in conflict and can be construed together. See *State ex rel. Hipp v. N. Canton* (1996), 75 Ohio St.3d 221, 223, 661 N.E.2d 1090, 1092–1093; *Shock, supra,* at 121–122, 9 O.O.3d at 271–272, 379 N.E.2d at 612–613; *Anthony v. E. Liverpool* (Aug. 17, 1982), Columbiana App. No. 81–C–57, unreported, 1982 WL 6174. R.C. 124.37, the specific provision relating to fire and police forces, covers demotions and layoffs due to a reduction in force, but not the reduction itself. R.C. 124.321, the general provision, covers the actual reductions in force. Its provisions can be followed in implementing the decision to abolish a position within the police force without conflicting with the procedure set forth in R.C. 124.37, which must be followed for the demotions and layoffs which would follow the abolishment. See *Hungler v. Cincinnati* (1986), 25 Ohio St.3d 338, 25 OBR 392, 496 N.E.2d 912; *Smith v. Cincinnati* (1993), 85 Ohio App.3d 13, 619 N.E.2d 46.

In this case, there is no dispute that the proper promotion, demotion and layoff procedures set forth in R.C. 124.37 were followed. Compare *Hungler, supra,* at 344, 25 OBR at 397–398, 496 N.E.2d at 917 (city's failure to follow R.C. 124.37 disrupted the stability of the civil service system and affected seniority rights). Appellant argues that both R.C. 124.37 and 124.321 require that reductions in force must be "necessary," and that the city presented no proof that the abolishment of the fifth assistant police chief position was necessary.

R.C. 124.37 states the layoff procedure to be followed "[w]hen it becomes necessary in a police or fire department, through lack of work or funds, or for

causes other than those outlined in section 124.34 of the Revised Code [disciplinary actions], to reduce the force in such department." R.C. 124.321 provides:

"(A) Whenever it becomes necessary for an appointing authority to reduce its work force the appointing authority shall lay off employees or abolish their positions in accordance with sections 124.321 to 124.327 of the Revised Code and the rules of the director of administrative services.

"* * *

"(D) Employees may be laid off as a result of abolishment of positions. Abolishment means the permanent deletion of a position or positions from the organization or structure of an appointing authority due to lack of continued need for the position. An appointing authority may abolish positions as a result of a reorganization for the efficient operation of the appointing authority, for reasons of economy, or for lack of work. The determination of the need to abolish positions shall indicate the lack of continued need for positions within an appointing authority. Appointing authorities shall themselves determine whether any position should be abolished and shall file a statement of rationale and supporting documentation with the director of administrative services prior to sending the notice of abolishment."

██ We find no cases interpreting the word "necessary" as used in either statute. However, the Ohio Supreme Court has stated that "the power to create a position in the civil service includes the power to abolish it. * * * This is particularly true where the purpose of such abolishment is economy or the increased efficiency of the public service." *Weston v. Ferguson* (1983), 8 Ohio St.3d 52, 53, 8 OBR 523, 524, 457 N.E.2d 818, 819. An appointing authority has the power to abolish civil service positions pursuant to a plan of reorganization as long as the abolishment is done in good faith. *Id.* at 53–53, 8 OBR at 523–524, 457 N.E.2d at 819–820. In discussing the statement-of-rationale requirement in R.C. 124.321(D), the Tenth District Court of Appeals has stated:

" 'The statute does not assure that the decision made by an appointing authority to abolish a position will reflect the best judgment available, for policy decisions of this nature are within the sound discretion of the appointing authority. Instead, the statute limits the appointing authority's discretion to the extent that the abolishment must be the product of some rational decision, and that facts must exist upon which the decision may be logically grounded.' " *Fragassi v. Lorain Cty Bd. of Commrs.* (Mar. 14, 1995), Franklin App. Nos. 94APE07–950, 94APE07–951, 94APE07–952, and 94APE07–953, unreported, 1995 WL 115498, quoting *In re Appeal of Rawat* (May 15, 1984), Franklin App. No. 83AP–980, unreported, 1984 WL 5748.

■ Thus, it is our view that the decision whether the abolishment of a position as part of a reorganization is "necessary" is within the discretion of the appointing authority and should not be second-guessed by courts as long as the decision is rational and made in good faith. To hold otherwise would prevent an appointing authority from reorganizing departments for efficiency or economy.

■ In this case, the evidence showed that the reorganization of the police department took place after much discussion. The elimination of an entire bureau together with the accompanying assistant police chief division was designed to streamline the organization and push decisionmaking to lower levels of authority, particularly to the level of captain, "one of the most underutilized ranks in terms of managerial responsibility." It was also designed to cut costs, allowing the funds budgeted for the position's salary and benefits to be used for other purposes within the police department. The evidence did not show that the city acted in bad faith or that it was attempting to subvert the purposes of the civil service system. See *Carter v. Ohio Dept. of Health* (1986), 28 Ohio St.3d 463, 464, 28 OBR 511, 511–512, 504 N.E.2d 1108, 1109. Consequently, the civil service commission's decision that the abolishment of the position was rational was supported by a preponderance of substantial, reliable, and probative evidence, and this court will not reverse it.

■ Appellant further argues that the city failed to prove that the abolishment of the position resulted in increased economy or efficiency. He relies upon *State ex rel. Bispeck v. Trumbull Cty. Bd. of Commrs.* (1988), 37 Ohio St.3d 26, 523 N.E.2d 502, for the proposition that the city must prove that the abolishment did result in a more efficient operation. However, what the court actually said was, "We believe the intent of the General Assembly was to require an appointing authority to justify a job abolishment by proving that the abolishment *would result* in more efficient operations." (Emphasis added.) *Id.* at 30–31, 523 N.E.2d at 507. The court also quoted from Ohio Adm.Code 124–7–01(A)(1), which states that "[a]ppointing authorities shall demonstrate by a preponderance of the evidence that a job abolishment *was undertaken* due to the lack of the continuing need for the position, a reorganization for the efficient operation of the appointing authority, for reasons of economy or for a lack of work expected to last more than twelve months." (Emphasis added.) *Id.* at 28, 523 N.E.2d at 504. We agree with the common pleas court when it said:

"[T]o adopt appellant's position that a * * * City * * * must establish prior to the abolishment of a civil service position that the abolishment *will result* in greater efficiency is to, [*sic*] delegate a position of the managerial and fiscal responsibility of the City government to the Civil Service Commission. Such a delegation of legislature [*sic*] and executive authority is inappropriate. Rather, the rule should be * * * that the Commission may approve the abolishment if it

finds it is designed to promote efficiency in the future and is not an attempt to avoid civil service laws." (Emphasis *sic*.)

In this case, the reorganization had been in effect for only three months at the time of the hearing before the commission. The evidence did not show that efficiency had increased in that time, and it may even have decreased. Nevertheless, the commission concluded that the plan was designed to promote efficiency, and the fact that it did not work well once put in practice was not a matter for the commission but for the administration of the city. This finding was supported by a preponderance of substantial, reliable and probative evidence, and this court will not reverse it.

■ Appellant also argues that the city did not file a statement of rationale with the commission prior to sending notice of the job abolishment. An appointing authority need only demonstrate substantial compliance with the procedural requirements of R.C. 124.321 for a job abolishment to be effective, particularly where any noncompliance does not result in prejudice to the employee. *State ex rel. Potten v. Kuth* (1980), 61 Ohio St.2d 321, 15 O.O.3d 391, 401 N.E.2d 929, paragraph three of the syllabus; *Yates v. Wallingford* (1982), 7 Ohio App.3d 316, 316–317, 7 OBR 411, 412–413, 455 N.E.2d 687, 688–689; *Fragassi, supra.*

■ In this case, the city filed a statement of rationale with the commission on April 3, 1995. Appellant was given personal notice of the abolishment on April 7, 1995. Appellant claims that notice of abolishment was given to him on February 24, 1995, when the competitors in the promotional exam were notified that the position was going to be abolished. Even if we consider that to be the notice date, the city still substantially complied with the requirements of the statute. The purpose of the statement of rationale is to require the appointing authority to articulate in writing the factual basis for the abolishment of positions. *Berndsen v. Westerville Personnel Review Bd.* (1984), 14 Ohio App.3d 329, 331, 14 OBR 396, 397–398, 471 N.E.2d 527, 529; *Fragassi, supra.* The city's statement of rationale met that purpose, and appellant was not materially prejudiced by any failure to comply with the statute since he remained first on the list of those to be promoted.

■ Finally, appellant argues that the common pleas court erred by refusing to allow him to present additional testimony. Only when one of the enumerated statutory exceptions in R.C. 2506.03(A) applies does the common pleas court have discretion to allow additional evidence. *Wurzelbacher v. Colerain Twp. Bd. of Trustees* (1995), 105 Ohio App.3d 97, 102, 663 N.E.2d 713, 716; *Wurzelbacher v. Thiemann* (June 26, 1996), Hamilton App. No. C–950607, unreported, 1996 WL 348027. It provides:

"The hearing of such appeal shall proceed as in the trial of a civil action, but the court shall be confined to the transcript as filed pursuant to Section 2506.02 of the Revised Code unless it appears, on the face of that transcript or by affidavit filed by the appellant, that one of the following applies:

"* * *

"(2) The appellant was not permitted to appear and be heard in person, or by his attorney, in opposition to the final order, adjudication, or decision appealed from, *and* to do any of the following:

"* * *

"(b) Offer and examine witnesses and present evidence in support;

"* * *

"(d) Offer evidence to refute evidence and testimony offered in opposition to his position, arguments, and contentions[.]" (Emphasis added.)

The record shows that after appellant filed his notice of appeal with the civil service commission, each side requested and received one continuance. Counsel agreed on a hearing date of July 13, 1995. On July 11, 1995, appellant filed a subpoena with the commission for the appearance of Police Chief Michael A. Snowden, which was the first time appellant made anyone aware that he intended to call the chief as a witness. The subpoena was returned, and the chief did not appear at the hearing because he was on vacation. The commission denied appellant's request for another continuance because it had a strict policy of allowing only one continuance to each party.

In asking the common pleas court for leave to present additional evidence, appellant claimed that the chief would testify that he was opposed to the reorganization and that he did not believe the reorganization would be efficient. Therefore, he was prevented from offering evidence in support of his position and in opposition to the city's contention that the reorganization was designed to promote efficiency, and that the exceptions in subsections (A)(2)(b) and (d) applied. The common pleas court concluded that the two requirements set forth in subsection (A)(2) were in the conjunctive and that the appellant did not meet the first requirement of that subsection because he was permitted to appear and be heard in person in opposition to the order from which he was appealing.

We agree with the court's reasoning. Appellant was not precluded from appearing and presenting his evidence. Appellant asserts that the city did not inform him that the chief would be on vacation. However, each party is responsible for securing the attendance of its own witnesses at the hearing, and the city was not even aware that appellant intended to call the chief as a witness until a few days before the hearing. Further, appellant did present some

evidence that the police department had operated efficiently with five bureaus and that the reorganization would not improve that efficiency. Appellant's right to be present and to be heard was not infringed. See *Schoell v. Sheboy* (1973), 34 Ohio App.2d 168, 172, 63 O.O.2d 285, 286–287, 296 N.E.2d 842, 845. The exception in subsection (A)(2) did not apply, and the common pleas court did not err in overruling appellant's motion to present additional evidence.

In sum, we hold that the common pleas court did not err in affirming the order of the civil service commission denying appellant's appeal of the abolishment of the assistant police chief position. Consequently, we overrule both of appellant's assignments of error and affirm the decision of the court of common pleas.

*Judgment affirmed.*

PAINTER, P.J., DOAN and MARIANNA BROWN BETTMAN, JJ., concur.