OPINION
Appellant, Douglas Parks, appeals the Fayette County Court of Common Pleas judgment affirming the decision of the Wayne Township Trustees ("appellees") which required appellant to share in the construction and cost of a partition fence between appellant's property and that of John Gruber, an adjoining landowner.
In September of 1997, Gruber sent a request to appellees asking that a partition fence be built separating his property from appellant's property. Gruber made this request pursuant to R.C. 971.04 which states:
 When a person neglects to build or repair a partition fence, or the portion thereof which he is required to build or maintain, the aggrieved person may complain to the board of township trustees of the township in which such land or fence is located. Such board, after not less that ten days' written notice to all adjoining landowners of the time and place of meeting, shall view the fence or premises where such fence is to be built, and assign, in writing, to each person his equal share thereof, to be constructed or kept in repair by him.
Appellees complied with R.C. 971.04 in every respect. On September 30, 1997, appellees notified both landowners that the premises would be viewed. On October 16, 1997, appellees viewed the premises. On November 3, 1997, appellees resolved that a partition fence should be constructed with costs split equally between appellant and Gruber.
Appellant appealed the decision to the Fayette County Court of Common Pleas pursuant to R.C. Chapter 2506. In its December 31, 1997 judgment entry, the court affirmed appellees' decision. Appellant appealed the decision of the common pleas court to this court raising the following assignment of error:
 THE COURT ERRED IN RULING THAT THE APPELLANT HAD TO CONSTRUCT AND PAY FOR A PARTITION FENCE; [SIC] SAID RULING BEING CONTRARY TO LAW AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
R.C. Chapter 2506 authorizes the appeal of an administrative decision to the court of common pleas. Usually, review by the common pleas court is "confined to the transcript as filed pursuant to section 2506.02[1] of the Revised Code * * *." R.C.2506.03(A). However, if one of the exceptions listed in R.C.2506.03(A)(1) to (5) applies, the common pleas court may allow additional evidence and shall hear the appeal upon the transcript and such additional evidence as may be introduced. R.C. 2506.03;Dvorak v. Mun. Civ. Serv. Comm. (1976), 46 Ohio St.2d 99, paragraph one of the syllabus. Neither the court nor either party requested that such additional evidence be presented.
The "transcript" filed with the common pleas court was comprised of (1) the minutes of the trustees' meeting on October 7, 1997; (2) the minutes of the trustees' meeting on November 4, 1997; and (3) the trustees' resolution dated November 3, 1997. There was no oral testimony or other evidence of any kind offered by either party at the trustees' meeting. The minutes of the November 4, 1997 meeting state as follows: "Motion was made by Noble to allocate line fence between Mr. Gruber and Mr. Parks at a 50%-50% cost to both parties. Motion seconded by Boggs. Noble-yes, Boggs-yes, and Shepard-yes."
For its review, the common pleas court decided that there was no need for an oral hearing. The court instructed the parties to submit their arguments via brief. Attached to appellant's brief was an undated letter from a local realtor that stated: "A wire woven fence will not increase the value of your property. There would be an upkeep expense of time and labor for mowing, etc." Appellant argues that the common pleas court erred in failing to give proper weight to the letter, and that if the court had done so, the evidence would have required reversal of appellees' decision.
Appellant did not demonstrate that any of the exceptions under R.C. 2506.03(A)(1) to (5) applied. Therefore, the trial court's review was confined to only those documents filed with the court pursuant to R.C. 2506.02, which did not include the realtor's letter. The common pleas court was correct to confine its review to only those documents which were filed pursuant to R.C. 2506.02.
When conducting a R.C. Chapter 2506 appeal, the reviewing court must give due deference to the agency's resolution of evidentiary conflicts and should uphold the agency's decision if it is supported by a preponderance of substantial, reliable, and probative evidence. McAlpin v. Shirey (1997), 121 Ohio App.3d 68,72, citing Community of Concerned Citizens, Inc. v. Union Twp. Bd.of Zoning Appeals (1993), 66 Ohio St.3d 452. See, also, R.C.2506.04. The court may not substitute its judgment for that of the agency, especially in areas of administrative expertise.Dudukovich v. Hous. Auth. (1979), 58 Ohio St.2d 202, 207. On issues of law, the reviewing court conducts a de novo review, and will reverse the agency's decision if it is contrary to law.McAlpin at 72-73.
The Ohio Supreme Court has stated that "[a] landowner will not be relieved from the obligation imposed by Section 971.04, Revised Code, to share in the construction of a partition line fence on the ground that such fence will not benefit his land, without adducing proof, if the allegation of absence of benefit is challenged, that the cost of compliance * * * will exceed the difference between the value of this land before and after the installation of the fence." Glass v. Dryden (1969), 18 Ohio St.2d 149, paragraph one of the syllabus. "The landowner must offer sufficient proof of the value of his property before and after the alleged improvement." Wolfe v. Avon (1984), 11 Ohio St.3d 81, 84. In addition, the decision of the administrative body is presumed to be valid, and the burden of showing its invalidity is upon the contesting party. Consolidated Mgt., Inc. v. Cleveland (1983),6 Ohio St.3d 238, 240.
The above cases clearly establish that the landowner bears the burden of proving that a fence will not enhance the value of his property. Appellant failed to present any evidence to appellees regarding the value of his property with or without a fence. Appellant has failed to meet the requisite burden of proof.
We find that the court of common pleas applied the correct standard of review and did not err in affirming appellees' decision. See Dudukovich, 58 Ohio St.2d at 207. Appellant's assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and WALSH, J., concur.
[1] R.C. 2506.02 states: "Within forty days after filing the notice of appeal, the officer or body from which the appeal is taken * * * shall prepare and file in the court to which the appeal is taken, a complete transcript of all the original papers, testimony, and evidence offered, heard, and taken in consideration in issuing the final order, adjudication, or decision appealed from."