DECISION.
{¶ 1} Plaintiff-appellant Mark Gissiner appeals from the judgment of the Hamilton County Court of Common Pleas affirming a decision in which the Cincinnati Civil Service Commission ("the Commission") determined that Gissiner had no right to appeal his demotion from acting municipal investigations manager to senior human resources analyst and the attendant reduction in pay.
 {¶ 2} Gissiner is currently a classified employee of the city of Cincinnati. Prior to October 25, 2001, he was employed in the classified civil service as a senior human resources analyst. On October 25, 2001, Gissiner was "temporarily" promoted to the unclassified position of acting municipal investigations manager ("OMI manager"). Gissiner remained in this position from October 25, 2001, to February 18, 2003. Effective January 6, 2003, the police functions of the Office of Municipal Investigations were transferred to the Citizens Complaint Authority. On February 18, 2003, Gissiner was demoted to his former position and his salary was correspondingly reduced without any action by the Commission.
 {¶ 3} In March 2003, Gissiner appealed his demotion and reduction in pay to the Commission. Following a hearing, the Commission determined that it did not have jurisdiction to hear Gissiner's appeal because it was based upon his performance in an unclassified position. Gissiner subsequently appealed the Commission's decision to the Hamilton County Court of Common Pleas, and the court referred the case to a magistrate. The magistrate, relying solely upon the Ohio Supreme Court's decision in Chubb v. Ohio Bureau of Workers' Compensation,[1] held that Gissiner's performance of his duties as OMI manager, an unclassified position, in addition to his acceptance of the new title and increased salary for over a year, demonstrated that he had voluntarily relinquished his classified civil-service status. Thus, the magistrate concluded that the Commission lacked jurisdiction to reinstate Gissiner to the position of OMI manager. Gissiner filed objections to the magistrate's decision, which the trial court overruled. Gissiner now appeals.
 {¶ 4} In his sole assignment of error, Gissiner contends that "the trial court committed reversible error in affirming the magistrate's decision."
 {¶ 5} An employee may appeal a decision of a municipal civil service commission pursuant to R.C. 2950.06.[2] Under R.C.2950.06, "a reviewing court must give due deference to the agency's resolution of evidentiary conflicts and must uphold the agency's decision if it is supported by a preponderance of substantial, reliable, and probative evidence."[3] But the reviewing court conducts a de novo review on issues of law and must reverse an agency's decision if it is contrary to law.[4]
 {¶ 6} In this case, Gissiner contends that the trial court's application of the Chubb case was contrary to law. We agree. InChubb, the employee signed a written waiver acknowledging that she had agreed to move from classified to unclassified status in order to obtain a higher salary.[5] Here, there is no evidence that Gissiner waived his classified status. The city admits that Gissiner never signed a written waiver despite its own rules and regulations providing that employees voluntarily relinquish their classified civil-service status only when they do so in writing.[6] Because Gissiner never signed a waiver giving up his classified status, he was still a classified civil servant at the time the city demoted him to his former position.[7] Consequently, the city was required to comply with R.C. 124.34. We therefore sustain Gissiner's sole assignment of error and reverse the trial court's judgment. This case is remanded to the trial court for further proceedings so that Grissiner may be afforded his right to appeal his demotion.
Judgment reversed and cause remanded.
Doan, P.J., and Painter, J. concur.
[1] 81 Ohio St.3d 275, 1998-Ohio-628, 690 N.E.2d 1267.
[2] McAlpin v. Shirey (1997), 121 Ohio App.3d 68, 72,698 N.E.2d 1051.
[3] Id.
[4] Id. at 72-73.
[5] Chubb, supra, at 275.
[6] Rule 1.4(2)(A) of the Personnel Policies and Procedures Manual of the City of Cincinnati provides, in relevant part, as follows: "the classified employee must consent in writing to the change to unclassified status, and that he understands he is no longer `classified,' and thus no longer enjoys all of the same rights and benefits as classified employees. The change from classified to unclassified must then be entered into CHRIS by the Agency."
[7] See R.C. 124.33. Gissiner's position as OMI manager became a permanent position 90 days after his transfer.