JOURNAL ENTRY AND OPINION
{¶ 1} The City of Cleveland Civil Service Commission ("Commission"), defendant-appellant, appeals the judgment of the trial court finding that the City of Cleveland ("City") violated R.C. 124.321(D) in terminating Ben Manlou, plaintiff-appellee, thereby reversing the Commission's decision to uphold the layoff of Manlou. For the reasons that follow, we affirm the trial court.
 {¶ 2} The record reveals that Manlou was employed as a senior programmer analyst with the City in its Information Technology Division. By way of letter dated October 9, 2002, the City notified Manlou that he would be laid off due to "lack of work" in his job classification and that his last day of work would be October 11, 2002. Manlou received the letter on October 14, 2002.
 {¶ 3} Manlou appealed that decision to the Commission, which held a hearing. Although the hearing consisted mainly of the arguments of counsel for Manlou and the City, the City's former Commissioner of Information System Services, Cleo Henderson, and its Chief Technology Officer, Melodie Mayberry-Stewart, both made brief comments regarding the City's reasons for Manlou's layoff. Manlou himself also made brief remarks but mostly adopted the arguments of his counsel. The Commission members briefly recessed, and upon their return, denied Manlou's appeal without comment. None of the witnesses who provided testimony at that hearing were sworn in, and the Commission did not state or issue conclusions supporting its decision to deny the appeal.
 {¶ 4} Manlou thereafter appealed the decision to the common pleas court pursuant to R.C. Chapter 2506. Without holding an evidentiary hearing, the trial court upheld the decision of the Commission, finding that the Commission's decision was not unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence.
 {¶ 5} Manlou challenged the trial court's judgment before this court in Manlou v. Cleveland Civil Service Comm., Cuyahoga App. No. 83214, 2004-Ohio-1112. Upon review in that case, this court found that the trial court erred in affirming the Commission's decision based upon the record before it. Finding the record of the administrative proceeding deficient, this court remanded the case to the trial court with instructions to conduct an evidentiary hearing pursuant to R.C. 2506.03
in order to determine whether Manlou's layoff complied with R.C.124.321(D).
 {¶ 6} The trial court conducted a hearing on June 29, 2004, and found in favor of Manlou, holding that the City's dismissal of him was "unconstitutional and illegal." It is from that judgment the City now appeals.
 {¶ 7} In its sole assignment of error, the City argues that the trial court erred as a matter of law in finding that it failed to comply with R.C. 124.321(D). In particular, the City argues that R.C. 124.321 does not apply to it, as it is a home-rule municipality, and it followed the provisions of the City charter and the rules of the Commission for terminating Manlou. Alternatively, the City argues that it substantially complied with R.C. 124.321(D). We disagree with both of the City's contentions.
 {¶ 8} In regard to the City's argument that R.C. 124.321 does not apply because it is a home-rule municipality, we first note that the City has waived that argument by failing to preserve it in the proceedings below. See State v. Allen (1986), 22 Ohio St.3d 120 at the syllabus. Not only did the City fail to argue at the trial court level that R.C.124.321(D) does not apply, the City actually argued at the June 29, 2004 hearing on remand and in its summation brief to the trial court that it complied with the statute. Moreover, this court had already determined in the previous appeal on this matter that R.C. 124.321(D) was the governing statute and remanded the case to the trial court for the express purpose of the court conducting a hearing to determine if the City had complied with the statute.
 {¶ 9} Furthermore, as to the applicability of R.C. 124.321(D), this court previously held in Jacomin v. Cleveland (1990), 70 Ohio App.3d 163,590 N.E.2d 849, that a municipality's charter provisions and the rules that relate to civil service employment promulgated under the home-rule authority of the Ohio Constitution prevail over conflicting state civil service provisions. As such, this court held that R.C. Chapter 124 applies in instances "where a city's charter provisions are silent or where the charter has adopted the language of the particular state statute." Id. at 165.
 {¶ 10} Civil Service Rule 8.20, which governs layoffs, and which the City argues is applicable to this case, provides as follows:
 {¶ 11} "Whenever it becomes necessary to reduce the working force in a classification in any Division of the City service, the appointing authority may layoff any appointee in such classification. However, when two (2) or more persons are employed in a classification, they shall be laid off in the inverse order of their appointment in such classification, unless otherwise first approved by the Commission for good cause shown.
 {¶ 12} "No layoffs shall be affected or influenced by politics, religion, gender, or race, and no layoff shall be used as a substitute for disciplinary action. In every case of layoff, the appointing authority is required to notify the Commission, and the employee being laid off, immediately in writing, and to state the reasons for such layoff. The procedure for accomplishing layoff and subsequent eligibility for re-employment shall be as set forth in Rule 8.21 through 8.26 inclusive."
 {¶ 13} R.C. 124.321(D) provides in relevant part as follows:
 {¶ 14} "Employees may be laid off as a result of abolishment of positions. Abolishment means the permanent deletion of a position or positions from the organization or structure of an appointing authority due to lack of continued need for the position. An appointing authority may abolish positions as a result of a reorganization for the efficient operation of the appointing authority, for the reasons of economy, or for lack of work. The determination of the need to abolish positions shall indicate the lack of continued need for positions within an appointing authority. Appointing authorities shall themselves determine whether any position should be abolished and shall file a statement of rationale and supporting documentation with the director of administrative services prior to sending the notice of abolishment. * * *."
 {¶ 15} Further, R.C. 124.321(C), which governs layoffs due to lack of work, provides in relevant part as follows:
 {¶ 16} "Employees may be laid off as a result of lack of work within an appointing authority. For appointing authorities whose employees are paid by warrant of the auditor of state, the director of administrative services shall determine whether a lack of work exists. All other appointing authorities shall themselves determine whether a lack of work exists and shall file a statement of rationale and supporting documentation with the director of administrative services prior to sending the notice of layoff."
 {¶ 17} We do not find that Civil Service Rule 8.20 conflicts with R.C. 124.321. Rather, it appears to adopt the spirit of R.C. 124.321
relative to layoffs, and remains silent in regard to other actions, such as filing the statement of rationale. Thus, we reject the City's argument that R.C. 124.321 is inapplicable to this case. We now consider whether the trial court erred in finding that the City did not comply with R.C.124.321.
 {¶ 18} In reviewing an administrative appeal under R.C. Chapter 2506, a trial court considers the "whole record," including any new or additional evidence admitted under R.C. 2506.03, and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence. See Henley v. YoungstownBd. of Zoning Appeals (2000), 90 Ohio St.3d 142, 147, 2000-Ohio-493,735 N.E.2d 433, citing Smith v. Granville Twp. Bd. of Trustees (1998),81 Ohio St.3d 608, 612, 1998-Ohio-340, 693 N.E.2d 219; see, also, R.C.2506.04. An appellate court's review in such an appeal is "more limited in scope." Kisil v. Sandusky (1984), 12 Ohio St.3d 30, 34, 465 N.E.2d 848.
 {¶ 19} "This statute grants a more limited power to the court of appeals to review the judgment of the common pleas court only on `questions of law,' which does not include the same extensive power to weigh `the preponderance of substantial, reliable and probative evidence,' as is granted to the common pleas court." Id. at fn. 4. InLorain City School Dist. Bd. of Edn. v. State Emp. Relations Bd. (1988),40 Ohio St.3d 257, 533 N.E.2d 264, the Supreme Court of Ohio explained:
 {¶ 20} "It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. * * * The fact that the court of appeals, or this court, might have arrived at a different conclusion than the administrative agency is immaterial. Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so." Id. at 261.
 {¶ 21} Confining our review to "questions of law," we find, for the reasons that follow, the trial court properly determined the commission's decision to uphold the lay-off of Manlou was illegal.
 {¶ 22} R.C. 124.321(C) and (D) permit a reduction in workforce or the abolishment of a position when, among other reasons, there is a lack of work, and require the appointing authority to file a statement of rational and supporting documentation with the director of administrative services prior to sending the notice of lay-off or abolishment.
 {¶ 23} The record before us demonstrates that the City did not file a statement of rational and supporting documentation prior to laying off Manlou or abolishing his position. Thus, the City failed to strictly comply with the requirements of R.C. 124.321.
 {¶ 24} However, substantial compliance with the procedural requirements of R.C. 124.321 may be sufficient, particularly in instances where noncompliance did not result in prejudice to the employee.Aksterowicz v. Lancaster (June 7, 1989), 5th Dist. No. 43-CA-88; McAlpinv. Shirley (1997), 121 Ohio App.3d 68, 698 N.E.2d 1051.
 {¶ 25} In determining whether there was substantial compliance with R.C. 124.321, we consider the purpose of the statute, which is to protect the employee. Connole v. Bd. of Edn. of the Cleveland City School Dist.
(June 1, 1995), 8th Dist. No. 67647.
 {¶ 26} Upon review, we find that Manlou was not protected as contemplated by the statute. On October 14, 2002, Manlou received a letter dated October 9, 2002, stating that he would be laid off October 11, 2002. Other than the letter, we are unable to find any documentation and/or evidence demonstrating that in fact there was a lack of work for Manlou and/or that his position was being abolished. Rather, it appears from the testimony of the City's Chief Technology Officer that after Manlou's termination, another employee with less seniority than Manlou, with a job title different from Manlou's former title, performed the work that Manlou had been performing prior to his termination.
 {¶ 27} Moreover, the record before us demonstrates that the City's noncompliance with R.C. 124.321 resulted in prejudice to Manlou. Specifically, Manlou testified at the June 29, 2004 hearing of his inability to find another job, despite having sent out approximately 200 resumes and interviewing for two other jobs with the City. Manlou also testified as to his resulting financial difficulties resulting from his unemployment.
 {¶ 28} Having found that R.C. 124.321 is applicable to this case, and that the City neither strictly nor substantially complied with said statute, we find the City's sole assignment of error to be without merit, and affirm the judgment of the trial court.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, A.J., and Sweeney, J., Concur.