SCHOELL, APPELLEE, v. SHEBOY, APPELLANT.

(No. 32271—Decided May 31, 1973.)

*Messrs. Mancino, Mancino & Mancino,* for appellee.
*Mr. Herbert R. Whiting,* law director for the city of Cleveland, and *Mr. Robert McCarthy,* for appellant.

JACKSON, J. In 1956 the plaintiff appellee applied for a permit from the Building Department of the City of Cleveland to maintain four suites in a certain property located at 5901 Clark Avenue in the City of Cleveland. The application was denied because of certain specified zoning violations. The plaintiff appealed to the Board of Zoning Appeals for a variance. On June 27, 1960, the Zoning Board conducted a full hearing on the appeal, after which the hearing was continued to July 11, 1960, in order to allow the plaintiff to present additional evidence. On July 13, 1960, the Zoning Board announced its decision, which denied plaintiff's request for a variance, and held that the property was not a nonconforming use. Subsequently, the plaintiff requested a rehearing to present new evidence in the form of a notarized affidavit executed by the son of the original owner of the building, which contained the allegation that the subject building contained four suites as early as 1925, and prior to the enactment of the Zoning Code of the City of Cleveland. On July 27, 1960, the Zoning Board notified the plaintiff that his request for a rehearing was refused because of insufficient new evidence.

The plaintiff appealed this decision to the Common Pleas Court (No. 742,131), which reversed the Zoning Board. Subsequently, however, on March 5, 1968, the Court of Appeals in turn reversed the Common Pleas Court on the grounds that the Board of Zoning Appeals never officially acted upon the application for a rehearing. Accordingly, the case was remanded with instructions to the Zoning Board to formally rule on the application for a rehearing. On March 26, 1968, the application was overruled by the Zoning Board and an appeal was once again filed in the Common Pleas Court. The Court of Common Pleas again

reversed the order of the Zoning Board and entered a final judgment which allowed plaintiff to maintain the four-family use.

Defendant appellant now appeals this ruling of the court and assigns two errors:

1. The Common Pleas Court erred in determining that there existed a nonconforming use.

2. The Common Pleas Court erred in determining that the decision of the Board of Zoning Appeals was unconstitutional, illegal, arbitrary, capricious, unreasonable and not supported by a preponderance of the evidence.

*Assignments of error Nos. 1 and 2 are well taken.* Inasmuch as the two assignments are interrelated—each fundamentally challenging the trial court's determination that the decision of the Zoning Board was arbitrary and not supported by a preponderance of the evidence—both will be disposed of together.

The appellant essentially argues that there is no evidentiary basis to support the finding of the Common Pleas Court that the four-family use is nonconforming. However, the appellee in his brief contends that there was evidence "offered and introduced and which was introduced at the hearing of this case" (*sic*)[1] before the Common Pleas Court which established that the subject property was a valid nonconforming use, that the appellant has failed to furnish this court with a transcript of proceedings to disclose this evidence as required by Rule 9 (B) of Rules of Appellate Procedure, and consequently, this court must presume that sufficient evidence was before the Common Pleas Court to support its judgment. In totally contradicting these allegations, the appellant steadfastly maintains that this court has been provided with a complete record of the proceedings and that no additional evidence was introduced at the

---

[1]This contention is based upon words contained in the judgment entry of the court below which reads: "This cause came on for hearing upon the appeal of the appellant, James T. Schoell, upon the transcript certified to the Common Pleas Court by the Board of Zoning Appeals of the City of Cleveland, Ohio, together *with the evidence* and argument of counsel." (Emphasis added.)

hearings before the Common Pleas Court other than the record of the hearing before the Board of Zoning Appeals[2]

However, we need not decide which of the conflicting allegations reflects the true state of the record. Even if we assume that the court below heard additional evidence[*] which would tend to establish the nonconforming use, we would be compelled to ignore it as being inadmissible under R. C. 2506.03.[3] That statute rigidly limits the evidentiary matters which may be presented to the Common

---

[2] A careful examination of the record discloses no affirmative action by the appellee in the form of a motion, or pursuant to provisions of Rule 9 of Rules of Appellate Procedure, to apprise this court of any deficiency in the record. Appellee's first challenge to the completeness of record came in his answer brief which was filed five days prior to the hearing of the appeal by this court on its merits, and approximately 69 days after the date of the filing of the appellant's brief in derogation of Rule 18(A) of Rules of Appellate Procedure.

[*] A full reading of our position on this point will demonstrate that the concurring opinion's summary of our position is inaccurate.

[3] "R. C. 2506.03 Hearing of appeal.

"The hearing of such appeal shall proceed as in the trial of a civil action but the court shall be confined to the transcript as filed pursuant to section 2506.02 of the Revised Code unless it appears on the face of said transcript or by affidavit filed by the appellant that:

"(A) The transcript does not contain a report of all evidence admitted or proffered by the appellant.

"(B) The appellant was not permitted to appear and be heard in person or by his attorney in opposition to the order appealed from:

"(1) To present his position, arguments and contentions;

"(2) To offer and examine witnesses and present evidence in support thereof;

"(3) To cross-examine witnesses purporting to refute his position, arguments and contentions;

"(4) To offer evidence to refute evidence and testimony offered in opposition to his position, arguments and contentions;

"(5) To proffer any such evidence into the record, if the admission thereof is denied by the officer or body appealed from.

"(C) The testimony adduced was not given under oath.

"(D) The appellant was unable to present evidence by reason of a lack of the power of subpoena by the officer or body appealed from or the refusal, after request, of such officer or body to afford the appellant opportunity to use the power of subpoena when possessed by the officer or body.

"(E) The officer or body failed to file with the transcript, conclu-

Pleas Court in an appeal from an administrative decision. The court is expressly confined to the transcript of the administrative body, and "additional evidence may be submitted *only* if there are certain deficiencies in the transcript or proceedings of the administrative body." *Grant* v. *Washington Township* (Montgomery Co. 1963), 1 Ohio App. 2d 84, 86. These deficiencies, which are specifically enumerated in R. C. 2506.03 (A)-(E), generally represent instances where the transcript of the administrative proceeding is incomplete, either because it does not contain all the evidence which actually was presented or because the appealing party's right to be heard and to present evidence was infringed in some manner.

Before these deficiencies may be cured at the common pleas level, the statute specifically requires that said deficiencies must either "appear on the face of the [administrative] transcript" or be brought to the attention of the court by affidavit. A careful reading of the record of proceedings before the Board of Zoning Appeals and of the papers filed in the Common Pleas Court in this case fails to reveal that either of these requirements were satisfied. We must conclude, therefore, the plaintiff filed no affidavit of deficiency in the court below. Nor can we perceive any deficiency on the face of the transcript.

In this latter respect, we note that the plaintiff petitioned the Zoning Board for a rehearing on the grounds of "new evidence," namely, an affidavit of a son of the original owner which supposedly attested that the premises were used as a four-family dwelling prior to the date of the enactment of the pertinent zoning restrictions. The rules of the Zoning Board provide that in such cases the party

sions of fact supporting the order, adjudication or decision appealed from; [,] in which case, the court shall hear the appeal upon the transcript and such additional evidence as may be introduced by any party. At the hearing, any party may call as if on cross-examination, any witness who previously gave testimony in opposition to such party."

⁴*Cf. National City Bank* v. *National City Window Co.* (1963), 174 Ohio St. 510, which noted the impropriety of using affidavits to prove material facts.

desiring a rehearing must file an affidavit describing the nature and substance of the new evidence. On the basis of this affidavit the Board, in its discretion, then determines whether to grant the rehearing. In the instant case, the plaintiff did file an affidavit describing the nature and substance of the "new evidence"which itself consisted of merely an affidavit, and the Board concluded that the new evidence would be of insufficient probative value to warrant a new hearing or to establish a nonconforming use.⁴ The record gives every indication that the plaintiff was afforded his rights to move for a rehearing and there is nothing to suggest that he was denied his right to present his case for rehearing before the Board.

Having determined that the Common Pleas Court was confined to the transcript of proceedings of the hearing before the Zoning Board in considering the appeal, the central issue before us is the correctness of its conclusion that there was sufficient evidence to establish the premises as being a nonconforming use.

An examination of the testimony presented before the Board of Zoning Appeals reveals:

1. That the property was located in a semi-industry zoned district and that said property violated the side yard requirements of the Zoning Code.

2. That the subject property was used in 1930 primarily for business, and a permit issued by the City of Cleveland in 1945 revealed that only two families occupied the building.

3. There was no evidence presented of any four-family use prior to 1945.

4. Plaintiff testified that when he purchased the subject property in 1953 there were four suites in the building and his deed described the building as a four-family building.

5. No permit was ever issued by the City of Cleveland to remodel said structure.

It is quite apparent that this evidence falls short of establishing a nonconforming use, and accordingly, we hold that the judgment of the Common Pleas Court revers-

ing the Zoning Board's decision was totally without evidentiary foundation, and grant judgment for appellant City of Cleveland.

*Judgment reversed.*

MANOS, C. J., concurs.
CORRIGAN, J., concurs in judgment only.

CORRIGAN, J., concurring in judgment only. The majority opinion places too restrictive an interpretation upon R. C. 2506.03 by seeking to limit the discretionary powers granted hereunder to the Common Pleas Court.

While not intended as a forum for a trial *de novo*, the function of the trial court as outlined in the statute is to ascertain the correctness of the decision of the administrative board. In making that determination the court reviews the evidentiary presentation and may correct deficiencies apparent on the face of the transcript by receiving additional evidence. The majority opinion suggests that "even if we assume the court below heard additional evidence which would tend to establish the non-conforming use we would be compelled to ignore it. . . ." With that statement, in particular, I cannot agree.

The simple resolution of this case rests in the fact that evidence was not presented, either at the administrative hearing or before the Common Pleas Court, to establish a non-conforming use. In the absence of that evidence, it was error for the trial court to reverse the Board of Zoning Appeals.