This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Hypabyssal, Ltd. has appealed an order of the Summit County Common Pleas Court that affirmed a decision from Appellee, the City of Akron Housing Appeals Board. This Court affirms.
 I.
On July 24, 1998, the Akron Health Department issued an order to Appellant to comply with Section 150.30(E) of the Akron Environmental Health Housing Code. Because Appellant failed to comply with the order, the Akron Health Department issued an administrative penalty of $100 on July 10, 1999. Appellant appealed the penalty to the Housing Appeals Board. The appeal was heard and denied on September 21, 1999. Thereafter, Appellant filed a timely administrative appeal with the Summit County Common Pleas Court, along with a request for additional evidence on October 21, 1999. Appellant filed a second motion for additional evidence pursuant to R.C. 2506.03 on November 3, 1999. The common pleas court denied both of Appellant's motions. On December 3, 1999, Appellant filed a third motion for additional evidence, which the common pleas court also denied. On February 4, 2000, the common pleas court affirmed the decision of the Housing Appeals Board. Appellant timely appealed, asserting two assignments of error. For ease of discussion, his assignments of error will be addressed together.
 II. Assignment of Error Number One
 The court erred in not allowing additional evidence pursuant to [R.C. 2506.03,] regarding constitutional issues (sic) (whether or not the license fee is an illegal tax, etc.) first raised at the administrative hearing.
 Assignment of Error Number Two
 The court erred in not allowing additional evidence pursuant to [R.C. 2506.03(A)(1)], when the transcript does not contain a report of all evidence admitted or proffered by [Appellant] as appears on the face of the transcript and by affidavit filed by [Appellant] and/or 2) pursuant to [R.C. 2506.03(A)(2)(c)], when [Appellant] was not permitted, at least twice, to cross-examine witnesses offered in opposition and/or 3) pursuant to [R.C. 2506.03(4)], [Appellant] was unable to present evidence by reason of a lack of the power of subpoena by the body appealed from and/or 4) pursuant to [R.C. 2506.03(A)(5)] the body appealed from failed to file with the transcript conclusions of fat supporting the final order.
Essentially, Appellant's first and second assignments of error focus on the common pleas court's denial of Appellant's request for additional evidence. During his administrative appeal at the common pleas court, Appellant filed three requests for the introduction of additional evidence, pursuant to R.C. 2506.03. In its first motion, Appellant argued that it was unable to present evidence because the Housing Appeals Board lacked the power to subpoena witnesses to the hearing. Appellant also attached an affidavit to this motion. In support of its second motion for additional evidence, Appellant claimed that Appellee failed to file the transcript and conclusions of the order from the Housing Appeals Board. In Appellant's third request for additional evidence, Appellant set forth the same reasons in its first and second motion in addition to the fact that it could not cross-examine witnesses and needed the additional evidence to support its constitutional claims. Appellant has asserted that based on R.C. 2506.03, the common pleas court should have allowed the additional evidence. This Court disagrees.
R.C. 2506.03 provides in part:
 (A) The hearing of such an appeal shall proceed as in the trial of a civil action, but the court shall be confined to the transcript as filed pursuant to section 2506.02 of the Revised Code unless it appears, on the face of the transcript or by an affidavit filed by the appellant, that one of the following applies:
 (1) The transcript does not contain a report of all evidence admitted or proffered by the appellant;
 (2) The appellant was not permitted to appear and be heard in person, or by his attorney, in opposition to the final order, adjudication, or decision appealed from, and to do any of the following:
* * *
 (c) Cross-examine witnesses purporting to refute his position, arguments, and contentions;
* * *
 (4) The appellant was unable to present evidence by reason of a lack of the power of subpoena by the officer or body appealed from or the refusal after request, of such officer or body to afford the appellant opportunity to use the power of subpoena when possessed by the officer or body;
 (5) The officer or body failed to file with the transcript, conclusions of fact supporting the final order, adjudication, or decision appealed from[.]
The exceptions enumerated in R.C. 2506.03(A)(1) through (5), "generally represent instances where the transcript of the administrative proceedings is incomplete, either because it does not contain all the evidence which actually was presented or because the appealing party's right to be heard and to present evidence was infringed in some manner."Comparda v. Housing Appeals Bd. (July 23, 1997), Summit App. No. 18220, unreported, at 7, quoting Schoell v. Sheboy (1973), 34 Ohio App.2d 168,172. This Court will address each of Appellant's requests for additional evidence in turn.
 A. Appellant's First Motion for Additional Evidence
With regard to its first motion, this Court is compelled to point out the fact that Appellant did not raise the issue regarding whether the Housing Appeals Board had the power to subpoena witnesses in its administrative appeal to the common pleas court.[1] Appellant's failure to raise the argument below constitutes waiver of its right to assert it for the first time on appeal. See State ex rel. Zollner v.Indus. Comm. (1993), 66 Ohio St.3d 276, 278. Accordingly, Appellant's arguments concerning the subpoena power of the Housing Appeals Board is overruled.
 B. Appellant's Second and Third Motion for Additional Evidence
After reviewing the record in the instant case, this Court notes that Appellant failed (1) to proffer the additional evidence that it would have introduced in the common pleas court had it been permitted to do so, or (2) to even suggest what that evidence would have been. Moreover, Appellant did not file a supporting affidavit with its second and third motion specifying the nature and type of additional evidence it wished to submit, pursuant to Loc.R. 19.04 of the Summit County Common Pleas Court, General Division.[2] Consequently, Appellant has failed to show any prejudice that resulted from the common pleas court's refusal to allow additional evidence. See, e.g., Structural Sales Corp. v. BostonHts. City Council (Jan. 13, 1999), Summit App. No. 19020, unreported, at 11. Appellant's arguments concerning his second and third motion are therefore overruled.
 III.
Appellant's first and second assignments of error are overruled. The judgment of the common pleas court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
 ___________________________ BETH WHITMORE
BATCHELDER, P. J., CARR, J., CONCUR
[1] In its administrative appeal to the common pleas court, Appellant raised the following assignments of error:
 1) The Akron Health District has no jurisdiction or legal authority to enforce the provisions of Chapter 150, Akron City Code.
 2) The Housing Appeals Board in refusing to allow the cross-examination of witnesses denied due process and a fair hearing.
 3) The fee of $15.00 imposed, through Chapter 150, in the registration process is an unconstitutional and illegal tax and bears no relationship to the cost of registering.
 4) The process of levying administrative fines through Chapter 150, denies due process and is unconstitutional.
 5) The Housing Appeal Board finding did not establish what year the property owner failed to register, the reason for a failure to register, if any, and if, in fact the property was a rental property in the year of the registration failure.
6) The Housing Appeals Board has no legal authority.
 7) The Housing Appeals Board cannot hold hearings until it adopts rules of procedure pursuant to Chapter 150.
[2] Loc.R. 19.04 provides, in part:
 In all appeals where the submission of additional evidence is required and permitted by law, the Notice of Appeal shall be accompanied by a motion supported by affidavit requesting the submission of additional evidence and specifying the nature and type of additional evidence to be submitted and the reasons therefor.