JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, Ben Manlou, appeals from the judgment entered by the Cuyahoga County Common Pleas Court upholding the decision of the Cleveland Civil Service Commission, which denied appellant's administrative appeal challenging the City of Cleveland's decision to lay him off. For the reasons that follow, we reverse and remand.
 {¶ 2} The record reveals that appellant was employed as a senior programmer analyst with the city of Cleveland ("City") in its Information Technology Division. In the course of reorganizing that division, appellant's job was eliminated, although it appears from the record that appellant was not performing the duties of a senior programmer analyst but instead was performing mainly clerical or other manual tasks. On October 9, 2002, the City notified appellant that he would be laid off due to "lack of work" in his job classification and that his last day of work would be October 11, 2002.
 {¶ 3} Appellant appealed this decision to the Cleveland Civil Service Commission ("Commission"), which held a hearing sometime thereafter. Although the hearing consisted mainly of the arguments of counsel for appellant and the City, the City's former Commissioner of Information System Services, Cleo Henderson, and its Chief Technology Officer, Melody Mayberry-Stewart, both made brief comments regarding the City's reasons for appellant's lay-off. Appellant himself also made brief remarks but mostly adopted the arguments of his counsel. The Commission members briefly recessed and upon their return denied appellant's appeal without comment. It should be noted that the record does not indicate that any of witnesses providing testimony were sworn in nor did the Commission state, much less issue, conclusions of fact supporting its decision to deny the appeal.
 {¶ 4} Appellant thereafter appealed this decision to the common pleas court pursuant to R.C. Chapter 2506. Without holding an evidentiary hearing, the trial court upheld the decision of the Commission, stating:
 {¶ 5} "Pursuant to [R.C.] 2506.04, the court finds that the decision of the Cleveland Civil Service Commission was not unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence and hereby affirms its decision to uphold the lay-off of [appellant.]"
 {¶ 6} Appellant is now before this court and assigns two errors for our review, both of which challenge the judgment of the trial court in upholding the Commission's decision to deny appellant's appeal. In reviewing an administrative appeal under R.C. Chapter 2506, a trial court considers the "whole record," including any new or additional evidence admitted under R.C.2506.03, and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence. See Henley v. Youngstown Bd. of ZoningAppeals (2000), 90 Ohio St.3d 142, 147, citing Smith v.Granville Twp. Bd. of Trustees (1998), 81 Ohio St.3d 608, 612; see, also, R.C. 2506.04. An appellate court's review in such an appeal is "more limited in scope." Kisil v. Sandusky (1984),12 Ohio St.3d 30, 34.
 {¶ 7} "This statute grants a more limited power to the court of appeals to review the judgment of the common pleas court only on `questions of law,' which does not include the same extensive power to weigh `the preponderance of substantial, reliable and probative evidence,' as is granted to the common pleas court." Id. at fn. 4. In Lorain City School Dist. Bd. of Edn. v. StateEmp. Relations Bd. (1988), 40 Ohio St.3d 257, the Supreme Court of Ohio explained:
 {¶ 8} "It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. * * * The fact that the court of appeals, or this court, might have arrived at a different conclusion than the administrative agency is immaterial. Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so." Id. at 261.
 {¶ 9} Confining our review to "questions of law," we find that the trial court erred in affirming the Commission's decision based on the state of the record before us.
 {¶ 10} R.C. 2506.03 governs the hearing on appeal and provides that the trial court's review is confined to the transcript unless it appears "on the face of that transcript or
by affidavit filed by the appellant, that * * * the testimony adduced was not given under oath * * * or [t]he officer or body failed to file with the transcript, conclusions of fact supporting the final order, adjudication, or decision appealed from * * *." (Emphasis added.) See R.C. 2506.03(A)(3) and (5); see, also, Dvorak v. Municipal Civ. Serv. Comm. (1976),46 Ohio St.2d 99, syllabus. Under such circumstances, the court "shall hear the appeal upon the transcript and such additional evidence as may be introduced by any party * * * [and] any party may call, as if on cross-examination, any witness who previously gave testimony in opposition to such party." The court in this case did not hold a hearing despite the transcript's facial deficiencies and, instead, issued its decision on the minimal record before it.
 {¶ 11} The Ohio Supreme Court, in State ex rel. Village ofChagrin Falls v. Geauga Cty Bd. of Commr., 96 Ohio St.3d 400,2002-Ohio-4906, characterized R.C. 2506.03 as "`a liberal provision for the introduction of new or additional evidence to be heard by a reviewing court.'" Id. at ¶ 13, quoting Elbert v.Bexley Planning Comm. (1995), 108 Ohio App.3d 59, 72. Thus, if the record created during the administrative proceeding below is defective, that is, if any of the circumstances listed in R.C.2506.03(A)(1) through(5) applies, the common pleas court is required to hold an evidentiary hearing in accordance with R.C.2506.03. See Stein v. Geauga Cty. Bd. of Health, 11th Dist. No. 2002-G-2439, 2003-Ohio-2104, at ¶ 14 ("If [the] transcript is deficient or incomplete, R.C. 2506.03 provides for the trial court to conduct an evidentiary hearing to `fill in the gaps.'").
 {¶ 12} Moreover, the court is obligated to conduct an evidentiary hearing "where the transcript of the administrative proceeding is incomplete, either because it did not contain all of the evidence which actually was presented or because the appealing party's right to be heard and present evidence was infringed in some manner." Schoell v. Sheboy (1973),34 Ohio App.2d 168, 172; see, also, R.C. 2506.03(A)(1) and (2). Although Manlou did not file an affidavit stating that he was prevented from presenting evidence, it is apparent from the state of the record that the hearing itself was brief. Manlou, of course, could have filed such an affidavit as authorized by R.C.2506.03(A), averring that, due to time constraints,[1] he was denied the opportunity to fully present his evidence. Merely because he did not do so, however, does not obviate the obligation of the trial court to hold such a hearing when the record is facially deficient on other grounds, such as in this case, where the record indicates that the Commission relied on unsworn testimony and failed to file conclusions of fact.
 {¶ 13} Of critical importance to this case on review is the absence of conclusions of fact. It is apparent to us from the record submitted that the Commission neglected to file conclusions of fact. The record must not only contain the transcript of the proceedings, but also must include the factual conclusions relied upon by the Commission. R.C. 2506.03. Here, the common pleas court had no way of determining what evidence the board found to be persuasive. Combining this with the paucity of evidence, there was little for the common pleas court to meaningfully review. This is especially true as pertains to the procedural argument raised by Manlou.
 {¶ 14} Manlou argued below, as he does here, that he was denied a hearing before being deprived of his employment with the City as is required by Cleveland Bd. of Edn. v. Loudermill
(1984), 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494,[2]
and the City's charter.[3] The City, on the other hand, argues that the hearing provision of the City's charter applies only to discharges due to disciplinary reasons, not those relating to a reduction in workforce. Moreover, the City argues that it met with appellant prior to his termination and held an "elaborate" hearing thereafter. There simply is no evidence in the record to support either party's argument.[4]
Reiterating, the hearing before the Commission consisted largely of the arguments of counsel as contained in their respective briefs and presented at the hearing, the latter only addressing the substantive issues on appeal. Arguments or other statements made by counsel are not evidence. See State v. Palmer (1998),80 Ohio St.3d 543, 562. None of the documents appended to the parties' respective briefs or offered at the hearing indicate that a pretermination hearing did or did not take place. Thus, assuming without deciding that Loudermill applies and that the City's charter required a pretermination hearing, there is no evidence in the record indicating or failing to indicate that a hearing took place. Consequently, from the state of the record before us, we are at a loss as to how the trial court could have determined, on this issue, that the Commission's decision was not unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence.
 {¶ 15} Substantively, the City's evidence consisted of the unsworn testimony of its Commissioner of Information System Services and its Chief Technology Officer, both of whom attempted to justify Manlou's layoff in terms of the reorganization of the department. Manlou, on the other hand, argued that there was no lack of work. A lack of work due to reorganization is governed by R.C. 124.321(D) and the procedures therein, which provide:
 {¶ 16} "Employees may be laid off as a result of abolishment of positions. Abolishment means the permanent deletion of a position or positions from the organization or structure of an appointing authority due to lack of continued need for the position. An appointing authority may abolish positions as a result of a reorganization for the efficient operation of the appointing authority, for the reasons of economy, or for lack of work. The determination of the need to abolish positions shall indicate the lack of continued need for positions within an appointing authority. Appointing authorities shall themselves determine whether any position should be abolished and shall file a statement of rationale and supporting documentation with the director of administrative services prior to sending the notice of abolishment."
 {¶ 17} The statute thereafter details the procedure to be employed when laying off such an employee. Without any conclusions of fact, or conducting a hearing to make its own determination in the absence of those conclusions, we are unable to discern how the trial court could have meaningfully reviewed the Commission's decision and determined that Manlou's lay-off complied with the dictates of R.C. 124.321(D).
 {¶ 18} As such, appellant's first and second assignments of error are well taken and sustained. The judgment of the trial court is reversed. We remand this case to the trial court with instructions to conduct an evidentiary hearing in accordance with R.C. 2506.03.
Cooney, P.J., and Gallagher, J., concur.
It is, therefore, ordered that appellant recover from appellee costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] When questioned by the panel during oral argument as to the state of the record, Manlou stated that an aggrieved party has 15 minutes within which to present its case to the Commission, thereby accounting for the brevity of the record and quality of evidence. The City did not dispute this statement.
[2] In Loudermill, the United States Supreme Court restated that "the Due Process Clause provides that certain substantive rights — life, liberty, and property — cannot be deprived except pursuant to constitutionally adequate procedures." Id. at 541. Concluding that Ohio's statutory framework created a property interest in civil service employment for those employees classified as such, the court stated that civil service employees could not be dismissed "except . . . for . . . misfeasance, malfeasance, or nonfeasance in office." Id. at 538-539, quoting R.C. 124.34. The court thereafter concluded that "[t]his principle requires `some kind of a hearing' prior to the discharge of an employee who has a constitutionally protected property interest in his employment." Loudermill,470 U.S. at 542, citing Bd. of Regents v. Roth (1972), 408 U.S. 564,569-570, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548 and Perry v.Sindermann (1972), 408 U.S. 593, 599, 92 S.Ct. 2694, 2698,33 L.Ed.2d 570.
[3] Section 128(m) of Chapter 27 of the City's charter requires the Commission to provide rules "[f]or the discharge or reduction in rank or compensation, only after the person to be discharged or reduced has been presented with the reasons for such discharge or reduction specifically stated in writing and has been given an opportunity to be heard in his own defense."
[4] At one point, the City states that appellant "chose not to meet" with the City's Chief Technology Officer, portraying this meeting as pretermination hearing. This is a mischaracterization. According to the Chief Technology Officer's testimony, she met with appellant during the reorganization and they discussed his skills and possible utilization of those skills in the reorganized department. It was sometime thereafter that this officer testified that she could have used appellant's skills and he was "unavailable." Although it is not known from the record before us if this was before the notice of layoff or after, the context of the testimony appears to indicate it was before the notice was issued. Of course, the "elaborate" hearing to which the City refers is the hearing before the Commission, which occurred after appellant's termination and is the subject of this appeal.