[Cite as *Cimino v. Cleveland Hts. Bd. of Zoning Appeals*, 2011-Ohio-1803.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 95350

## WILLIAM CIMINO

PLAINTIFF-APPELLANT

vs.

## THE CLEVELAND HEIGHTS BOARD OF ZONING APPEALS, ET AL.

DEFENDANTS-APPELLEES

JUDGMENT:
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-696825

BEFORE:    Kilbane, A.J., Sweeney, J., and S. Gallagher, J.

RELEASED AND JOURNALIZED:    April 14, 2011

ATTORNEY FOR APPELLANT

Frank J. Cimino
250 South Chestnut Street
Suite 18
Ravenna, Ohio 44266

ATTORNEYS FOR APPELLEES

John H. Gibbon
Director of Law
City of Cleveland Heights
Laurie A. Wagner
First Assistant Director of Law
Brendan D. Healy
Assistant Director of Law
40 Severance Circle
Cleveland Heights, Ohio 44118

MARY EILEEN KILBANE, A.J.:

{¶ 1} Plaintiff-appellant, William Cimino (Cimino), appeals the trial court's judgment affirming the decision of defendants-appellees, the city of Cleveland Heights Board of Zoning Appeals and the city of Cleveland Heights (collectively referred to as "City"), to deny Cimino's variance request. Finding no merit to the appeal, we affirm.

{¶ 2} In June 2006, Cimino purchased a home located on Middleton Road in Cleveland Heights, Ohio. The house was in disrepair and had numerous code violations, including six violations pertaining to the detached

two-car garage on the property. During the closing on the property, Cimino executed a form acknowledging that he received the City's inspection report and that he was responsible for correcting any code violation within 90 days after the property transfer. The City subsequently gave Cimino a series of extensions to replace the garage. During that time, it became apparent that the garage could not be repaired and needed to be completely rebuilt.

{¶ 3} In March 2009, Cimino submitted an application for a zoning variance from Cleveland Heights Codified Ordinances 1121.09(b) and 1161.03(a)(1). Section 1121.09(b) provides that "[t]wo (2) off-street enclosed parking spaces shall be provided for each dwelling unit, either in a garage that is attached to and integrated with or in one (1) that is detached and accessory to the dwelling unit. Furthermore, all parking areas shall be provided, designed and constructed in accordance with the accessory use standards in Section 1121.12 and the parking requirements in Chapter 1161" and Section 1161.03(a)(1) provides that single-family dwellings shall have two enclosed parking spaces. Cimino sought a variance to permit him to not have a garage on the property.[1]

{¶ 4} In May 2009, the City conducted a hearing on Cimino's variance request. Cimino presented his testimony and evidence on his behalf. The City denied Cimino's application and gave him until June 28, 2009, to rebuild the required two-car garage on the property. On June 26, 2009, Cimino filed

[1]Cimino had the garage demolished and planted a garden in its place.

an administrative appeal pursuant to R.C. Chapter 2506, challenging the City's denial of his variance request. The common pleas court affirmed the City's decision, finding that it was supported by the preponderance of substantial, reliable, and probative evidence.

{¶ 5} Cimino now appeals to this court, raising the following three assignments of error for review.

ASSIGNMENT OF ERROR ONE

"The trial court erred to the prejudice of [Cimino] when it overruled the request in [Cimino's] brief and a subsequent motion filed by [Cimino] to hold an evidentiary hearing in light of the fact that no conclusions of fact were submitted with the transcript by the Board of Zoning Appeals for the [City.]"

ASSIGNMENT OF ERROR TWO

"The Common Pleas Court of Cuyahoga County erred to the prejudice of [Cimino] in holding that the City's denial of [his] variance request was not arbitrary, capricious, and unreasonable, and was supported by a preponderance of the substantial, reliable, and probative evidence."

ASSIGNMENT OF ERROR THREE

"The trial court erred to the prejudice of [Cimino] by not reviewing the entire transcript of the hearing of May 20, 2009[.]"

Standard of Review

{¶ 6} In *Henley v. Youngstown Bd. of Zoning Appeals*, 90 Ohio St.3d 142, 2000-Ohio-493, 735 N.E.2d 433, the Ohio Supreme Court distinguished the standard of review to be applied by common pleas courts and appellate courts in R.C. Chapter 2506 administrative appeals. The *Henley* court stated:

"The common pleas court considers the 'whole record,' including any new or additional evidence admitted under R.C. 2506.03, and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence.

"The standard of review to be applied by the court of appeals in an R.C. 2506.04 appeal is '*more limited* in scope.' (Emphasis added.) 'This statute grants a more limited power to the court of appeals to review the judgment of the common pleas court only on "questions of law," which does not include the same extensive power to weigh "the preponderance of substantial, reliable and probative evidence," as is granted to the common pleas court.' 'It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. * * * The fact that the court of appeals, or this court, might have arrived at a different conclusion than the administrative agency is immaterial. Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so.'" (Citations omitted.) Id. at 147.

{¶ 7} Thus, this court will review the judgment of the trial court only to determine if the lower court abused its discretion in finding that the administrative order was supported by reliable, probative, and substantial evidence. See *Wolstein v. Pepper Pike City Council*, 156 Ohio App.3d 20, 2004-Ohio-361, 804 N.E.2d 75, ¶21-22. An abuse of discretion "'implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140, quoting *State v. Adams* (1980), 62 Ohio St.2d 151, 404 N.E.2d 144.

Evidentiary Hearing

{¶ 8} In the first assignment of error, Cimino argues that the trial court erred when it did not hold an evidentiary hearing because the transcript prepared by the City failed to contain conclusions of fact.

{¶ 9} We note that in an action under R.C. 2506.01, the trial court is "confined to the transcript" filed by the administrative agency, unless certain exceptions apply. See R.C. 2506.03(A). Pertinent to this case, a hearing on the appeal is required if "the officer or body failed to file with the transcript conclusions of fact supporting the final order, adjudication, or decision." R.C. 2506.03(A)(5); see, also, R.C. 2506.03(B).

{¶ 10} In *Ziss Bros. Constr. Co., Inc. v. Independence Planning Comm.*, Cuyahoga App. No. 90993, 2008-Ohio-6850, ¶17, this court held that statements made by planning commission members explaining their reasons for denying a zoning application, which were included in the transcript, constituted conclusions of fact.[2] The *Ziss* court found that "the Planning Commission presented detailed findings of fact at the June 6, 2006 hearing as evidenced by the minutes which it provided Ziss and the public. Each of the Planning Commission members expressed their reasoning for denying Ziss's application, unlike [*Felder v. City Planning Comm. of Pepper Pike* (Apr. 26, 1979), Cuyahoga App. No. 38663]. Thus, it cannot be said that the Planning Commission failed to file findings of fact with the transcript."[3]

---

[2]A "conclusion of fact" is an "'inference drawn from subordinate or evidentiary facts.'" *Union Oil Co. of California v. Mayfield Hts. Bd. of Zoning Appeals* (Jan. 15, 1987), Cuyahoga App. No. 52017, quoting Black's Law Dictionary 5th Ed.

[3]In *Felder*, this court "held that the minutes were deficient and failed to satisfy the transcript requirement set forth in R.C. 2506.02 and R.C. 2506.03 because it merely stated '[a]fter presentation

{¶ 11} In the instant case, a review of the transcript reveals that several Board of Zoning Appeals members expressed their reasoning for denying Cimino's application, citing past precedent, practical difficulty, and a complete absence of any indication that Cimino's property was somehow different than the surrounding property. One member found that "this situation came about because [Cimino] built a garden instead of a garage and he was aware of it. Whether he was aware of it when he moved in, there was money in escrow, his contractor told him about what was required[.]" Another member found that if Cimino's application was granted, the Board would be setting "precedent and * * * there is no practical difficulty[.]" A third member stated "we are a board with a specific mandate, and in the absence of any showing that there is something different about [Cimino's] property that is different from all others * * * we can't just do that. We cannot change the zoning code."

{¶ 12} Based on the foregoing, it is clear that the City presented findings of fact at the hearing. Just as in *Ziss*, we cannot say in the instant case that the City failed to file findings of fact with the transcript. As such, the trial court was not required to hold an evidentiary hearing.

{¶ 13} Therefore, the first assignment of error is overruled.

Variance Criteria

and discussion * * *,' and thereafter a vote was taken." *Ziss* at ¶26.

{¶ 14} In the second assignment of error, Cimino asks this court to reverse the trial court's decision on the basis that the City did not adequately evaluate the evidence before it.

{¶ 15} Cleveland Heights Codified Ordinances 1115.07 sets forth the standard for the factors to be considered in order for the Board of Zoning Appeals to grant a variance request. These factors are similar to the factors set for by the Ohio Supreme Court in *Duncan v. Middlefield* (1986), 23 Ohio St.3d 83, 491 N.E.2d 692, certiorari denied (1986), 479 U.S. 986, 107 S.Ct. 576, 93 L.Ed.2d 579, for determining whether a "practical difficulty" exists.

{¶ 16} The *Duncan* Court explained the practical difficulties test as follows:

> "[A] property owner encounters 'practical difficulties' whenever an area zoning requirement (*e.g.*, frontage, setback, height) unreasonably deprives him of a permitted use of his property. The key to this standard is whether the area zoning requirement, as applied to the property owner in question, is reasonable. * * * The factors to be considered and weighed in determining whether a property owner seeking an area variance has encountered practical difficulties in the use of his property include, but are not limited to: (1) whether the property in question will yield a reasonable return or whether there can be any beneficial use of the property without the variance; (2) whether the variance is substantial; (3) whether the essential character of the neighborhood would be substantially altered or whether adjoining properties would suffer a substantial detriment as a result of the variance; (4) whether the variance would adversely affect the delivery of governmental services (*e.g.*, water, sewer, garbage); (5) whether the property owner purchased the property with knowledge of the zoning restriction; (6) whether the property owner's predicament feasibly can be obviated through some method other than a variance; (7) whether the spirit and intent behind the zoning requirement would be observed and substantial justice done by granting the variance." Id. at 86.

{¶ 17} Cimino presents evidence that he claims demonstrates practical difficulties warranting the variance. As a result, he claims the City's decision was arbitrary, capricious, and unreasonable.

{¶ 18} We find the instant case analogous to this court's decision in *Franklin v. Berea*, Cuyahoga App. No. 93894, 2010-Ohio-4350. In *Franklin*, we affirmed the trial court's judgment upholding the Berea Planning Commission's decision granting nine variances to a community church. On appeal, the neighboring property owners argued that the church failed to meet the practical difficulties test set forth in *Duncan*.

{¶ 19} In reviewing the record, the *Franklin* court found that:

> "the Commission considered the *Duncan* factors and further concluded that the evidence weighed in favor of granting the subject variances under every factor except one. The trial court subsequently found that the Commission properly applied the *Duncan* factors and that its decision was supported by a preponderance of reliable, probative, and substantial evidence. Although the neighbors present arguments as to why each factor should militate against granting the variances, the Church presented evidence contradicting the neighbors' claims and evidence of the practical difficulties the property faces. To the extent that the Commission found the Church's evidence and arguments more compelling, we cannot substitute our judgment on appeal. See [*Kisil v. Sandusky* (1984), 12 Ohio St.3d 30, 34, 465 N.E.2d 848]. Nor can we say as a matter of law that the decision of the trial court to affirm the decision of the Commission was not supported by a preponderance of reliable, probative, and substantial evidence." Id. at ¶32.

{¶ 20} In the instant case, the trial court found no evidence in favor of granting the variance under the factors set forth in *Duncan*. The trial court further found that Cimino "failed to meet his burden of establishing that enforcement of the Code sections at issue would result in practical difficulty." Just as in *Franklin*, here "we cannot substitute our judgment on

appeal." Rather, we must affirm the trial court's decision if it is "supported by a preponderance of reliable, probative and substantial evidence." *Kisil* at 34.

{¶ 21} A review of the record in the instant case supports the conclusion that Cimino failed to demonstrate practical difficulty. Cimino was aware of the zoning provisions related to the garage before he purchased the property, when he received the point of sale inspection report advising him of the repairs needed to bring the garage up to code. He demolished the garage and chose to plant a garden, rather than rebuilding the garage. In addition, Cimino did not demonstrate a special condition or circumstance that exists on his property, and there was no evidence to support his contention that building a garage will not yield a reasonable return on his investment in the property. Furthermore, the variance Cimino seeks is substantial in that it eliminates the entire garage structure, as opposed to requesting a variance for a single-car garage. Lastly, the variance Cimino seeks is inconsistent with the spirit and intent of the zoning code, which is intended to protect property values in residential areas. The City's preservation planner testified at the hearing that a garage is commonly perceived as a necessity, not an amenity.

{¶ 22} Based on the foregoing, we find as a matter of law that the trial court's judgment affirming the City's decision to deny Cimino's variance request was supported by a preponderance of reliable, probative, and substantial evidence.

{¶ 23} Accordingly, the second assignment of error is overruled.

Evidence in Transcript

{¶ 24} In the third assignment of error, Cimino cites to two other variance applications that were heard before the City. Cimino argues that the City's decision to deny his application was arbitrary, capricious, and unreasonable because it was inconsistent with the decisions rendered in these two other applications.

{¶ 25} However, Cimino cannot rely on the evidence submitted in these cases to support his position. As we previously stated, in an action under R.C. 2506.01, the trial court is "confined to the transcript" filed by the administrative agency, unless certain exceptions apply. R.C. 2506.03(A). The transcript consists of "all the original papers, testimony, and evidence offered, heard, and taken into consideration in issuing the * * * decision." See R.C. 2506.02. "'If [the] transcript is deficient or incomplete, R.C. 2506.03 provides for the trial court to conduct an evidentiary hearing to "fill in the gaps."' *Manlou v. Cleveland Civ. Serv. Comm.*, Cuyahoga App. No. 83214, 2004-Ohio-1112, ¶11, quoting *Stein v. Geauga Cty. Bd. of Health*, Geauga App. No. 2002-G-2439, 2003-Ohio-2104. The *Manlou* court further explained that "the court is obligated to conduct an evidentiary hearing 'where the transcript of the administrative proceeding is incomplete, either because it did not contain all of the evidence which actually was presented or because the appealing party's right to be heard and present evidence was infringed in some manner.'" Id. at ¶12, quoting *Schoell v. Sheboy* (1973), 34 Ohio App.2d 168, 296 N.E.2d 842.

{¶ 26} In the instant case, there is no reason to "fill in the gaps" because the transcript is complete. Cimino relies on two application hearings that were decided after the denial of

his variance application. These applications were not part of Cimino's hearing and the City did not rely upon these cases when it issued its decision with respect to Cimino's variance request. Moreover, Cimino waived this error by failing to raise the issue at the trial court. See *Stores Realty Co. v. Cleveland* (1975), 41 Ohio St.2d 41, 322 N.E.2d 629 (where the Ohio Supreme Court held that the doctrine of waiver can be applied to administrative appeals.) As such, Cimino's argument lacks merit.

{¶ 27} Therefore, the third assignment of error is overruled.

{¶ 28} Judgment is affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, ADMINISTRATIVE JUDGE

JAMES J. SWEENEY, J., and
SEAN C. GALLAGHER, J., CONCUR